TEXAS & N. O. R. CO. v. TURNER.
(No. 292.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 20, 1917.)

1. PLEADING ⊛⟞258(1) — ANSWER — AMENDMENT.

Striking defendant railroad's amended answer filed immediately before the trial, which asserted that petition alleged a wrong measure of damages for mules killed, held erroneous, since plaintiff could not have been taken by surprise or the trial delayed.

2. DAMAGES ⊛⟞113—KILLING MULES—MEASURE.

In action against a railroad for negligently killing mules, the measure of damages is their market, and not their reasonable, value.

3. RAILROADS ⊛⟞482(1) — OWNERSHIP OF MULES—SUFFICIENCY OF EVIDENCE.

Testimony of plaintiff and another witness held to sustain a verdict that plaintiff owned the mules killed by defendant railroad, although both witnesses had made contrary statements before the trial.

4. TRIAL ⊛⟞352(5)—SPECIAL ISSUES.

Submitting a special issue whether defendant railroad negligently permitted its fence to be removed, and negligently failed to prevent stock coming upon its right of way, held erroneous because embracing distinct issues capable of different answers.

5. TRIAL ⊛⟞352(5)—SPECIAL ISSUES.

Submitting a special issue whether defendant railroad negligently permitted its right of way to be unfenced and negligently ran down plaintiff's mules, held erroneous because embracing distinct issues admitting different answers.

6. TRIAL ⊛⟞352(5)—SPECIAL ISSUES.

A special issue of fact submitted for a yes or no answer should not embrace distinct questions capable of different answers.

Appeal from Orange County Court; D. C. Bland, Judge.

Action by J. S. Turner against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 182 S. W. 357; 193 S. W. 1087.

Orgain, Butler & Bolinger, of Beaumont, for appellant. Bisland & Bruce, of Orange, for appellee.

KING, J. This appeal is from a judgment rendered in the county court of Orange county upon answers by a jury to special issues submitted by the court, the suit being, as alleged in plaintiff's petition, for the reasonable value of certain mules alleged to have been killed by the engine and cars of appellant; plaintiff alleging that the appellant negligently permitted its right of way to be unfenced, and carelessly and negligently ran its engine and cars on and against his mules.

On the day set for trial and prior to the announcement of ready by the parties, appellant filed its first amended original answer, in which was contained a special exception to appellee's petition, to the effect that the reasonable value of the mules was not the proper measure of damages, but that the market value thereof was the measure of damages recoverable in the case. Appellee's petition nowhere alleged the market value of the mules, and there is no allegation in the petition showing that the mules did not have a market value. The court, upon motion of appellee, struck out defendant's first amended original answer, for reasons stated in the qualification to appellant's bill of exception, as follows:

"Defendant's original answer was filed in this cause on the 23d day of December, 1914, and the cause was regularly tried at the January term, 1915, on said original answer, and during the course of the trial the defendant objected to the introduction of the testimony showing the reasonable value of the mules, on the ground that that was not the true measure of damages, and plaintiff contended at said time that there had been no special objection addressed to that part of plaintiff's pleadings. The cause was tried and appealed to the Court of Civil Appeals, and reversed and remanded for a new trial; and on the 16th day of April, A. D. 1916, this cause was again called for trial, and went to trial, on defendant's original answer, and defendant objected to the introduction of testimony showing a reasonable value of the mules, but the court overruled said objection, because there had been no special objection addressed to that portion of the plaintiff's pleadings, and the cause again went to the Court of Civil Appeals of the Ninth Supreme Judicial District, and was again reversed and remanded for a new trial; and on the 16th day of April, 1917, this cause was again called regularly for trial, and after the jury was impaneled and sworn to try the case, and when plaintiff's counsel arose to read his pleadings, his petition, to the jury, defendant's counsel informed plaintiff's counsel that there had been an amended answer filed; and it appearing to the court that this cause having been set for trial at 1:30 p. m. of the 16th day of April, that said amended answer had not been filed before 1 o'clock, and being satisfied that plaintiff's attorneys' attention had not been called to the fact, and having inspected said amended answer, was satisfied that there was no new defensive matter set up in said amended answer, and that said amended answer was filed alone for the purpose of presenting special exceptions to the plaintiff's petition, and being satisfied that the permitting of the filing of said amended answer at that time, and under those circumstances would delay the trial, and believing that defendant was guilty of negligence in not sooner filing an answer, the court sustained motion to strike the same out."

[1, 2] As shown by appellee's motion and by the statement of the trial court in the above qualification, no new defensive matter was set up in appellant's amended answer. We think it was error for the court to strike out appellant's amended answer, the amend-

ment containing no new matter which was calculated to take the plaintiff by surprise; the only new matter pleaded being a matter of law addressed to the petition of appellee, and it could not have operated to delay the trial, and had said amended motion been considered by the court, the special exception ought to have been sustained, as the true measure of damages is the market value of the mules alleged to have been killed.

[3] We overrule appellant's assignments of error, wherein it contends that the evidence is not sufficient to support the finding of the jury that the mules, at the time they were alleged to have been killed, were the property of appellee. It is true that appellee had made statements that he had sold the mules prior to the time they were alleged to have been killed, yet he denied upon the trial that he had, in fact, sold the mules, and that they were then the property of himself. It is also true that appellee's witness Harmon, in whose possession the mules were at the time of their death, put in a claim for the mules, in which he asserted ownership, and he, as well as appellee, makes a different statement upon the trial of the case from that theretofore made. However, we are loathe to disturb the finding of the jury upon this question, as it was peculiarly within their province to determine that disputed issue upon the trial.

[4-6] Appellant, under appropriate assignments of error, complains of special issues Nos. 4 and 5 submitted to the jury, because in each of said issues are submitted two separate and distinct issues of fact, one of which the jury might decide to answer in the negative, and one in the affirmative, or vice versa; said issues being as follows:

"No. 4: Do you believe from the evidence that the defendant railroad company negligently permitted its right of way fence to be removed, and negligently failed to keep its place in such condition as to prevent stock from coming upon its right of way? Answer 'Yes' or 'No.'

"No. 5: Do you believe from the evidence that the defendant railroad company did negligently permit its right of way to be unfenced and carelessly and negligently run its engine and cars on and against the mules of plaintiff at the time and place alleged in plaintiff's petition? Answer 'Yes' or 'No.'"

We sustain said assignments. A special issue of fact submitted to a jury for their determination, to which the jury are instructed to answer "Yes" or "No," should submit for their consideration a single question, and should not combine two separate and distinct questions of fact, one of which might be answered in the negative, and the other in the affirmative, or vice versa, by the jury. Appellant also complains of the charge of the court in submitting the reasonable value of the mules as the measure of damages, instead of the market value. These assignments must be sustained, as timely exceptions were made in writing, as required

by statute, to the charge of the court in this respect.

There are other matters complained of in appellant's brief, which we do not deem it necessary to discuss, as they will not necessarily arise should this case be tried again, and this opinion followed.

For the errors pointed out, this cause is reversed and remanded.

HIGHTOWER, C. J., did not sit in this case.