TEXAS & P. RY. CO. et al. v. ARCHER et al.
(No. 7944.)

(Court of Civil Appeals of Texas. Dallas. May 4, 1918. Rehearing Denied June 1, 1918.)

1. SUBROGATION ⬦⟹7(1) — APPLICATION OF RULE.

Subrogation, as a rule, applies to principal and surety; the object of the rule of subrogation being to give the paying surety all the remedies that the creditor has against the principal debtor.

2. MASTER AND SERVANT ⬦⟹389—WORKMEN'S COMPENSATION ACT—INSURANCE—SUBROGATION.

Under Workmen's Compensation Act (Act 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, §§ 5246h–5246zzzz]), a casualty company which has paid compensation to an employé cannot intervene and be subrogated to the rights of the employé to the extent of compensation paid, in an action by employé against a third person whose negligence caused the injury, regardless of the provisions of its policy.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Mrs. Icedor Archer and others against the Texas & Pacific Railway Company. The Maryland Casualty Company intervenes. Plea of intervention was dismissed, and judgment had for plaintiff against defendant, and intervener and defendant appeal. Affirmed.

Smith, Robertson & Robertson, of Dallas, for appellants. Carden, Starting, Carden, Hemphill & Wallace, of Dallas, for appellees.

RAINEY, C. J. This suit was brought by appellees against the appellant Texas & Pacific Railway Company, to recover damages for the negligent killing of Milton W. Archer, appellees being the surviving wife and children of deceased, and William Archer, the father of deceased. Milton W. Archer was driving a two-horse wagon across Hawkins street in the city of Dallas, Tex., which was negligently struck by a Texas & Pacific train, and he received injuries from which he died. Appellant railway company answered with a general denial and contributory negligence on the part of deceased. Appellant Maryland Casualty Company intervened in the suit, and pleaded that deceased at the time of his death was in the employ of the Burton Lumber Company, a subscriber under the Workmen's Compensation Act of the state of Texas, and that it had paid to the legal representatives of the deceased the compensation provided by law, and that by

reason thereof it was subrogated to the rights of appellees as against the Texas & Pacific Railway Company to the extent of the amount so paid by it to said beneficiaries, and prayed for judgment accordingly. Both appellant, Texas & Pacific Railway Company, and appellees excepted to said plea of intervention, and ask that it be dismissed. Exceptions were taken to said dismissal, and notice of appeal taken by the said intervener and notice of appeal given. The trial proceeded as between the Texas & Pacific Railway Company and the appellees, which resulted in a judgment for appellees, and both the Texas & Pacific Railway Company and interveners perfected an appeal.

After the perfecting of the appeal a compromise was entered into between the attorneys of appellant Texas & Pacific Railway Company and appellees, stipulating, among other things, as follows:

"Now, therefore, in consideration of the mutual covenants and agreements herein contained, and with a view of effecting this compromise, it is agreed by and between the said Icedor Archer and the said Texas & Pacific Railway Company: (a) That the parties hereto waive the filing of briefs in this court; (b) that the said Texas & Pacific Railway Company will and does hereby waive all of its assignments of error filed herein; (c) that the said Texas & Pacific Railway Company agrees that the judgment of the district court may be by the Court of Civil Appeals modified and affirmed, so that the said judgment shall be against the said Texas & Pacific Railway Company as if originally entered in the sum of $11,000, of which $7,000 was apportioned to said Icedor Archer, and $4,000 to the said Nina Archer, a minor, together with all costs incurred in the district court and in this court up to this time, except those incurred by the Maryland Casualty Company; (d) that the said Icedor Archer will and does hereby agree to, and by this instrument does hereby, file a remittitur of said judgment in her favor in the sum of $3,000; and (e) that the said agreed judgment in favor of Icedor Archer and the payment thereof, whenever made, is and shall be subject to the opinion and judgment of the Court of Civil Appeals or to the Supreme Court, on the subrogation claim of the Maryland Casualty Company."

Hence no briefs are filed by the Texas & Pacific Railway Company, and we will only consider the rights of the appellant the Maryland Casualty Company as to subrogation here presented by only one assignment of error, which complains of the court's action in dismissing the plea of intervention.

The plea of intervention alleged, in substance, that intervener is an insurance corporation organized under the laws of Maryland; that it had a permit to do business in Texas, and that it was authorized to write workmen's compensation insurance; that Burton Lumber Company, a corporation, became a subscriber within the meaning and terms of the Workmen's Compensation Law of the state of Texas, being chapter 179 of the Acts of the Thirty-Third Legislature, and to whom intervener issued its policy of insurance; that deceased was in the employ of Burton Lumber Company, and while so employed he was negligently struck and killed by a train of the Texas & Pacific Railway Company; that by reason of the provisions of said Employers' Liability Act and workmen's compensation insurance it paid to the beneficiaries of deceased the sum of $2,225.70; that said Texas & Pacific Railway Company was negligent, and failed to use proper care to prevent the injury of the deceased; that the payment of said sum to said beneficiaries was caused by the negligence of said Texas & Pacific Railway Company; that the said policy provided for the subrogation of the intervener in the event of payment by it. It further alleged that the Compensation Act of Texas, in section 6 of part 2, provides:

"The association shall, however, be entitled to recover indemnity from any other persons who would have been liable to such employés, independently of this section and if the association has paid compensation under the terms of this section, it may enforce in the name of the employés, or in its own name and for its own benefit the liability of such other persons." ·

That by reason of the liability of the defendant to plaintiff heretofore set forth intervener is, under the Compensation Act, entitled to be subrogated to the right of said plaintiff as against the defendant to the amount of compensation so paid. Wherefore it prays for its interest in any judgment plaintiffs may recover from defendant in the premises, and that it have judgment against both plaintiffs and defendant for said amount. The allegations of said plea of intervention were full and sufficient to state a cause of action, if there existed any right of appellant to be subrogated by reason of its payment of compensation under its policy issued under the Compensation Act of the Thirty-Third Legislature.

[1, 2] Subrogation as a rule applies to principal and surety. "The object of the rule of subrogation is to give to the paying surety all the remedies that the creditor has against the principal debtor." · Faires v. Cockrell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528. Neither Archer nor his beneficiaries were indebted to appellant or the Burton Lumber Company in any way. Appellant for a consideration assumed the liability of the Burton Lumber Company for the amount so paid by it to the survivors of deceased. Under the Workmen's Compensation Act of Texas (33d Leg. c. 179), the appellant became primarily liable for the payment of said debt, and no right existed for reimbursement from any source. The Compensation Act of the Thirty-Third Legislature makes no provision for its subrogation to the rights of the Burton Lumber Company, if any it had, to recover from the Texas & Pacific Railway Company for its negligence in killing the deceased. As to appellant's rights respecting this claim appellant is governed by the provisions of the act mentioned. When the casualty company insured the Burton Lumber Company in principle it occupied the same position as regular insur-

ance companies. Under the Compensation Act it is denominated an insurance company, and we see no reason why the laws and decisions of this state relative to other kinds of insurance do not apply to it. We are of opinion that appellant in issuing this policy of insurance took the risk of not having anything to pay, and, having lost it, must stand the consequences.

There is no need for a further discussion of the different phases of this case with respect to the rights of subrogation.

The appellees have filed a remittitur of $3,000, which is allowed, and with this amount credited the judgment is affirmed.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes