## LANCASTER & WALLACE v. ROGERS & ADAMS.   (No. 1562.)

(Court of Civil Appeals of Texas. El Paso. Jan. 31, 1924.)

**Trial ⚌352(5)—Submission of questions each embracing several issues held reversible error.**

In an action for damages for negligence in transportation of mules, where evidence as to rough handling, delay, and damage was conflicting, submission of plaintiff's questions each embracing three or four such issues, where the evidence justified a finding for plaintiff on one and not necessarily the other, constituted reversible error.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Rogers & Adams against Lancaster & Wallace, as receivers of the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

See, also, 248 S. W. 660.

R. L. Thompson, of Stephenville, R. S. Shapard, of Dallas, and S. N. Russell, of El Paso, for appellants.

Volney M. Brown and E. M. Whitaker, both of El Paso, for appellees.

HIGGINS, J. This is a suit by the appellees against appellants, receivers of the Texas & Pacific Railway Company, to recover damages to a carload of mules shipped from El Paso, Tex., over the line of the Texas & Pacific Railway Company. At Sweetwater such railroad connects with the Kansas City, Mexico & Orient Railway Company, and the Panhandle & Santa Fé Railway Company. Chillicothe, Tex., is a station upon the Kansas City, Mexico & Orient Railway, and Adrian, Tex., is a station upon the Panhandle & Santa Fé Railway. The bill of lading issued by appellants provided for the transportation of the shipment from El Paso to Sweetwater consigned to Rogers & Adams, at Chillicothe. Upon arrival at Sweetwater the shipment, upon the order of appellant, was diverted to Adrian.

In brief, the allegations of the petition upon which the case was last tried are to the effect that the shipment was roughly handled between El Paso and Sweetwater, and unduly delayed in transportation to Sweetwater; that there was an undue delay in unloading at Sweetwater; that the mules were negligently permitted to escape from the pens at Sweetwater; that when the mules were shipped from El Paso to Chillicothe the purpose was to sell same upon the market at the latter place, but by reason of the negligent handling and treatment by appellants prior to being unloaded at Sweetwater it became necessary to reroute and ship

same to Adrian to be placed upon grass, fed and fattened for market; that defendants negligently failed to reload at Sweetwater, with due dispatch, and held the mules in the pens longer than was necessary, causing further loss of weight; that after being reloaded appellants negligently failed to deliver the shipment to the connecting carrier whereby the further transportation to Adrian over the Panhandle and Santa Fé was delayed; that by the negligence aforesaid plaintiffs had been damaged in the sum of $1,500, for which amount, with interest, judgment was sought.

The issues submitted and findings are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that the receivers of the Texas & Pacific Railway Company, their agents or employees, jarred and roughly handled plaintiff's mules, substantially in the manner as alleged by plaintiffs, from the time they received the same at El Paso, Tex., until the time they were unloaded at Sweetwater, Tex., and that they were negligent in so doing, and that such negligence proximately depreciated the market value, if any, of such mules at Chillicothe?

"Answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence that the receivers of the Texas & Pacific Railway Company, their agents or employees, failed to transport plaintiffs' mules with reasonable care and dispatch, from the time they received them at El Paso until the time they unloaded them at the stockyards at Sweetwater, and that they were negligent in so failing, if they did, and that such negligence proximately depreciated the market value, if any, of such mules at Chillicothe?

"Answer: Yes.

"If you have answered 'Yes' to Question 1 or 2 submitted to you by the court, then answer:

"Question No. 3: What would have been the market value, if any, at Chillicothe of such mules, in the condition they would have arrived, had they been forwarded to Chillicothe with ordinary care and dispatch?

"Answer: $5,100.

"Question No. 4: What was the market value, if any, of the mules described by plaintiffs at Chillicothe, at the time they were unloaded at Sweetwater?

"Answer: $3,600.

"Plaintiffs' Question No. A: Do you find from a preponderance of the evidence that the plaintiff Rogers caused the shipment of mules in question to be diverted, or had them diverted, on account of any injuries done them, if any, in the handling and transportation of them by the railway company? Answer 'Yes' or 'No.'

"Answer: Yes.

"Defendants' Question No. 1: Do you find from a preponderance of the evidence that the plaintiffs' mules were wild and vicious? Answer 'Yes' or 'No.'

"Answer: No.

"If you answer the question in the affirmative, then answer this question:

"Defendants' Question No. A: Do you find from a preponderance of the evidence that plaintiffs' mules were delayed in the town of Big Springs, Tex., beyond the usual and ordinary time? Answer 'Yes' or 'No.'

"Answer: Yes.

"If you answer this question in the affirmative, then answer the following question:

"Defendants' Question No. B: Do you find from a preponderance of the evidence that the defendants used ordinary diligence to transport said mules through said town of Big Springs, Texas?

"Answer: No.

"Defendants' Question No. C: Do you find from a preponderance of the evidence that the defendants used ordinary diligence in unloading plaintiffs' mules in defendants' stockpens at Sweetwater, Tex., after their arrival at that place, under the circumstances and conditions then and there existing?

"Answer: No."

Upon such findings judgment was rendered in appellee's favor for $1,500, with 6 per cent. interest from April 1, 1920.

This is the second appeal in this case, the former opinions being reported in 235 S. W. 643, and 248 S. W. 660.

### Opinion.

By timely objection in the court below and by proper assignments here complaint is made of questions 1 and 2 upon the ground that each of them submits separate issues of fact which should have been separately submitted. Upon inspection of question 1, it will be noted that it embraces three issues, viz.:

(a) Whether the shipment was roughly handled.

(b) If so, was it negligent?

(c) If so, did such negligence proximately depreciate the value of the mules?

Question 2 embraces four issues, viz:

(a) Whether the shipment was transported with reasonable care.

(b) Whether it was transported with reasonable dispatch.

(c) If there was such failure, was it negligent?

(d) If so, did such negligence proximately depreciate the value of the mules?

The evidence is sharply conflicting as to whether there was either rough handling or undue delay in transportation. There is also a decided conflict as to whether the mules had sustained any damage.

Under the evidence the jury might have found that there was rough handling, but no resulting damage; that there was an undue delay, but not a negligent delay, or that there was delay and that it was negligent, but no resulting damage.

The form in which the questions were submitted calls for an answer "Yes" or "No," and the objections urged thereto are well taken. The question has been passed upon frequently, and appellants' contention is supported by the following authorities: Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W.

517; Western, etc., v. MacKechnie (Tex. Civ. App.) 214 S. W. 456; Central, etc., v. Wichita, etc. (Tex. Civ. App.) 222 S. W. 688; Ry. v. Turner (Tex. Civ. App.) 199 S. W. 868; Southwestern, etc., v. Andrews (Tex. Civ. App.) 169 S. W. 218; Ry. v. Weatherby (Tex. Civ. App.) 203 S. W. 793; Manes v. J. I. Case, etc. (Tex. Civ. App.) 204 S. W. 235; Radford Grocery Co. v. Jamison (Tex. Civ. App.) 221 S. W. 998; Interstate, etc., v. Hogan (Tex. Civ. App.) 232 S. W. 354.

For the error indicated, the case will be reversed.

There are a number of other assignments and propositions presented in the brief, all of which have been considered and are regarded as without merit. Some of the questions presented are controlled by the opinions upon the former appeal.

Reversed and remanded.