## PANHANDLE & S. F. RY. CO. v. SNODGRASS et al. (No. 2437.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1925.)

1. Trial ⚙⇒350(6)—Refusal of special issues submitted by carrier as to whether particular mules alleged to have been injured were injured in manner relieving carrier from liability was error.

In action for negligent injury in shipment of mules, wherein shipper alleged that certain mules had been injured and extent thereof, refusal of special issues submitted by carrier, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, as to whether particular mules were injured by reason of their vicious nature, relieving carrier of liability despite its negligence, was error, where there was evidence to sustain such issues, in view of rule that each party has right to have each distinct issue raised by pleadings and supported by evidence separately submitted to jury.

2. Carriers ⚙⇒229(2)—Damages to shipment of mules estimated on market value at destination, or, if none, on intrinsic value.

In action for negligent injury in shipment of mules, plaintiff's damage is estimated on market value of mules at destination, or, in absence of market value, on their intrinsic value.

3. Evidence ⚙⇒113(22)—Evidence of intrinsic value of mules shipped inadmissible, where they have market value.

In action for negligent injury in shipment of mules, evidence of intrinsic value is inadmissible, where testimony shows mules to have a market value.

4. Carriers ⚙⇒230(12)—Where market value exceeds alleged value, recovery limited to alleged value.

In action for negligent injury in shipment of mules, where evidence showed that mules had market value exceeding value alleged in petition, court should have instructed that recovery could not exceed amount claimed in petition.

5. Carriers ⚙⇒228(3)—In action based on common-law liability of carrier, shipping contract is immaterial.

In action for negligent injury to shipment of mules, based on common-law liability of carrier, the shipping contract is immaterial.

6. Appeal and error ⚙⇒767(1)—Where statements, in brief, reflect on opposing counsel, but made in jest, brief will be considered.

Where statements, in appellee's brief, improperly reflected on appellant's counsel, but appeared to have been made in jest, appellee's brief will be considered.

Appeal from Floyd County Court; E. C. Nelson, Jr., Judge.

Action by H. L. Snodgrass and another against the Panhandle & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Madden, Adkins & Pipkin, of Amarillo, and Kenneth Bain, of Floydada, for appellant.

Jeff D. Ayres, of Floydada, for appellees.

HALL, C. J. H. L. Snodgrass and R. A. Shubert sued the appellant company to recover damages in the sum of $625, alleged to have resulted to a shipment of mules from Kansas City, Mo., to Floydada, Tex. The specific acts of negligence are alleged to have been that the mules were kept on the road, in the lots and yards, and in the pens of the company and its connecting carrier beyond the usual running time; that the cars were jammed, switched, shoved, and roughly handled by the defendant and its connecting carrier. It also alleges that the mules were finally delivered at destination in a crippled, drawn, gaunt, skinned, and bruised condition; that one of the mules, but for the negligent delay and rought handling, would have been at destination of the reasonable market value of $135, but was so badly injured that it died as soon as it arrived at destination; that another of said mules was of the reasonable market value of $140; that it was badly bruised, broken down in the back, hips, and loins, and when it arrived it was worth only $25; that 2 of said mules reasonably worth $200 each were so badly injured that they were worth only the sum of $125 each; that 15 of the mules reasonably worth the sum of $185 each arrived so badly bruised and injured that they were worth only the sum of $175.

Defendant answered by demurrer, general denial, and specially alleged that, in spite of reasonable care and dispatch used in handling said shipment, said animals received injuries while in transit as a result of their inherent, vicious propensities; that said mules were given to fighting, pawing, and kicking

---

⚙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

338	278 SOUTH WESTERN REPORTER	(Tex.

each other while in the cars; that some of them were so vicious and kicked with such vigor that they kicked their heels between the slats in the side of the car in which they were loaded; and that defendant's servants were forced to loosen the siding of the car in order to extricate said animals. It is further pleaded that the injuries resulted, in part, because of extreme cold weather, unprecedented in severity for that season of the year. The court did not err in refusing to give a peremptory instruction for the defendant.

[1] The defendant requested the following special issues, which were refused by the court:

"No. 2. Did the mule which died die as a result of being kicked on the head by another mule in said shipment?"

"No. 6. Were any part of the injuries received by the mules, if any, the result of said animals fighting and pawing each other while on board the cars? Answer 'yes' or 'no'; and, if you answer 'yes,' state in dollars and cents the extent of such injuries."

"No. 8. Did the mule which was injured in the back receive such injuries from the mules in the shipment fighting and kicking while in transit?"

There was evidence to sustain these issues. The plaintiff sought to recover, not only damages to the shipment generally by reason of delay and rough handling, but specially alleged that certain animals had been injured and the extent thereof. Both by pleading and evidence the appellant undertook to show that all of the animals, and the 3 particular mules mentioned in the petition, were injured in a certain way, and because of certain facts which, if true, would have relieved it of liability. Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, provides that special issues shall be submitted distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately. The jury might have found that the entire shipment was roughly handled and delayed, and, at the same time, could have found from the appellant's evidence that the mules were fighting and kicking in the car, and that the particular injuries complained of resulted from this exhibition of their vicious nature. The rule is settled in Texas that each party has the right to have each distinct issue raised by the pleadings and supported by its evidence separately submitted to the jury; and the failure of the court to submit such issues, when requested, is reversible error. Sherrill v. Union Lumber Co. (Tex. Civ. App.) 207 S. W. 149; Fort Worth & D. C. Ry. Co. v. Atterberry (Tex. Civ. App.) 190 S. W. 1133; Colorado & Southern R. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Fox v. Dallas Hotel Co., 111 Tex.

461, 240 S. W. 517; Texas & N. O. R. Co. v. Turner (Tex. Civ. App.) 199 S. W. 868.

The mules involved in this suit were presumably Missouri mules. Impelled by state pride, Judge Lamm in "the celebrated mule case" of Lyman v. Dale, 262 Mo. 353, 171 S. W. 352, rushes valiantly to the defense of this famous product of his native state, and so eloquently defends the Missouri mule from the imputation of being inherently vicious, and pronounces such a glowing eulogy upon him that henceforth no court and no jury can condemn even the "business end" of a Missouri mule without proof tending to show that he is an exception to the general rule announced in that case. The appellant was attempting to show that most of the mules, notwithstanding the state of their nativity and royal pedigree, belonged to that class of the genus upon which the unfortunate Absalom attempted to ride and died in the attempt.

There is considerable evidence in the record which, if true, would demolish the pedestal upon which Judge Lamm placed his idol, but the failure of the court to submit the special issues deprived the jury of an opportunity to reverse Judge Lamm's opinion.

[2, 3] Plaintiff's damages, if any, must be estimated upon the market value of his mules at destination, if they had any market value when they arrived. In the absence of a market value, the plaintiff would be entitled to have his damages based upon the intrinsic value of the mules. Evidence of intrinsic value, where the testimony shows they had a market value, is inadmissible. This is also true of a charge authorizing the jury to estimate the damages based upon the evidence of the intrinsic value of the mules, if it is shown that they had a market value.

[4] The record shows that the value of certain mules was alleged to be specific sums, while the evidence showed that these mules had a market value in excess of that alleged in the petition. Such being the case, the court should have charged the jury that the recovery for the death of, or injury to, these mules, could not exceed the amount claimed in the petition. This the charge failed to do.

[5] The plaintiff's action was based upon the common-law liability of the carrier, and, under his pleadings, the shipping contract, to say the least, was immaterial; but its introduction as evidence appears, under the record, to have been harmless.

[6] Appellees' brief contains some statements which, if seriously made, improperly reflect upon appellant's counsel, and which appear to be without support in the record. We are convinced, for that reason, that the statements were made in jest, and have therefore considered appellees' brief.

For the reasons pointed out, the judgment is reversed, and the cause is remanded.