## KANSAS CITY, M: & O. RY. CO. OF TEXAS et al. v. MOORE et al. (No. 469.)

Court of Civil Appeals of Texas. Eastland. July 6, 1928.

Ratliff & Ratliff, of Haskell, Thompson & Barwise, of Fort Worth, and Alex Collins, of San Angelo, for appellants.

Murchison & Davis, of Haskell, for appellees.

LESLIE, J. Appellees W. A. Moore and T. O. Clark sued the Kansas City, Mexico & Orient Railway Company of Texas and the Fort Worth & Denver City Railway Company for damages to a shipment of cattle from Sagerton in Haskell county, Tex., to Fort Worth in Tarrant county, Tex., the shipment being over the Orient from Sagerton to Chilicothe and from thence to Fort Worth over the last-mentioned route. Suit was for damages in the sum of $714 to a shipment of cattle alleged to have resulted from the negligence and carelessness of the defendants (1) in operating the trains upon which the cattle were shipped, (2) jolting and switching said cars, (3) shipping said cattle in bad cars that were not bedded, (4) delaying said cars en route for more than 24 hours beyond the usual and customary time of transportation, and (5) in failing to sufficiently water and feed and rest the cattle.

Defendants entered a general denial and specially pleaded that the plaintiffs saw, inspected, and accepted the bedding of the car tendered them and that in any event they were present and knew the nature and character of the bedding and failed to complain thereof, and were therefore estopped to claim that the cars were improperly or insufficiently bedded and were estopped to claim any damages by reason of the insufficiency, if any, in the bedding.

The cause was submitted upon special issues. Upon the jury's answers to these issues a judgment was rendered in favor of the plaintiffs for the sum of $385. The defendants appeal.

The first proposition is based upon an assignment complaining of the action of the trial court in refusing to give to the jury appellants' special charge, as follows:

"In passing upon special issues Nos. 3 and 4, submitted to you in the court's main charge, you are instructed that if the plaintiffs or either of them knew how the cars in question were bedded at the time their said cattle was loaded into them and made no complaint as to the manner in which the said cars were bedded, then the defendants in this case cannot be held liable to the plaintiffs for any damages, if any, suffered by the cattle in controversy by reason of the improper and insufficient bedding of said cars, if any."

As sustaining their position under this assignment we are cited to the following authorities: Texas Central R. Co. v. O'Laughlin (Tex. Civ. App.) 72 S. W. 610; Kansas City, M. & O. R. Co. v. Weatherby (Tex. Civ. App.) 203 S. W. 796. .

■■ If the plaintiffs or either of them were present and knew the condition and extent of the bedding in the cars and accepted or acquiesced in the same when the cars were loaded, the appellants would not be liable for such injuries resulting to the cattle by reason of the improper bedding, even though the duty devolved upon the defendants to attend to that part of the shipment in the first instance. An inspection of the pleadings and the testimony suggests that such an issue was in this case and that the authorities cited are sufficient to sustain the defendants in their demand that such an issue should have been presented to the jury; but the record that comes before us does not reveal an error, since, the trial court having determined to submit the case as a whole upon special issues, the defendants had no right to request the court to submit a special charge calling for a general verdict in the respect complained of. Worden v. Kroeger (Tex. Civ. App.) 184 S. W. 583; Id. (Tex. Com. App.) 219 S. W. 1094.

In Connellee et al. v. Nees (Tex. Com. App.) 266 S. W. 502, where a charge similar to that before us was under consideration, the court said:

"It has been repeatedly held that it is error to give this character of charge in a case being submitted on special issues. A charge instructing 'the jury as to the law arising on the facts' should not be given in a case submitted to the jury on special issues of fact."

R. S. art. 2189, provides that:

"Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately. In submitting special issues the court shall submit such explanations and definitions of legal' terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

■ However, the charge requested by the defendants in this case, upon 'the refusal of which error is assigned, does not come under that provision of the statute requiring explanations and definitions under the above law. The matters embodied in the charge indicate, as heretofore stated, an issue in the case based on facts affecting, at least, a partial defense, but it should have been submitted as an issue, since the case was submitted as a whole upon special issues, and it was not error in the court to refuse it as a special charge of a general nature upon an important phase of the case. Humble Oil & Rfg. Co. v. McLean (Tex. Com. App.) 280 S. W. 557; Texas & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; A. J. Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162.

For numerous authorities holding that the giving of a special charge (not in the nature of a definition or explanation), where a case is submitted upon special issues, is erroneous, see article 2190, Vernon's annotated Civil Statutes, note 20.

By a series of propositions under various assignments of error complaint is made of the manner and form in which the court submitted special issue No. 2. It is as follows:

"Were the defendants negligent in furnishing cars and bedding of same and in handling the trains upon which the plaintiffs' cattle were shipped from Sagerton, Texas, to Fort Worth, Texas? Answer yes or no."

To this the jury answered, "Yes."

■ The complaint is that the issue is multifarious, submitting more than one issue. Under the statute (articles 2189, 2190) it is the duty of the court, in submitting a case upon special issues, to submit such special issues distinctly and separately, and the plaintiff and the defendant each have the right to have each group of facts which may constitute, respectively, a right of recovery or right of defense, presented to the jury in a clear and untrammeled manner. Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; St. Louis, S. F. & T. R. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808; Hines v. Whiteman et al. (Tex. Civ. App.) 228 S. W. 979; Pan-

handle & S. F. R. Co. v. Parrish (Tex. Civ. App.) 281 S. W. 887.

However, the propositions under consideration complain essentially of the court's action in the submission of a question embracing several issues. A careful inspection of the issue convinces us that it does submit, at least, two, if not three, separate and distinct issues. This has been held to be erroneous in a great number of authorities which uniformly condemn such a charge as multifarious. Lancaster & Wallace v. Rogers & Adams (Tex. Civ. App.) 258 S. W. 283; Interstate Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137; Totten v. Houghton (Tex. Civ. App.) 2 S.W.(2d) 530, 534 (writ refused).

■ Further, the defendants vigorously contended that they were not guilty of negligence, either in the furnishing of the cars, the bedding thereof, or the handling of the trains. The pleadings and evidence present such issues. They were issues of fact. The jury might have found the defendants guilty of negligence in respect to either, all, or none of the acts of negligence complained of. As submitted, the jury was required to answer the issues (containing three charges of negligence) either in the affirmative or negative. The privilege of answering either charge of negligence in the affirmative or negative was not allowed the jury. They were required to answer the issues combined by a "Yes or No." This suggests the reason for the statute which requires that each ultimate issue be separately and distinctly submitted. It also illustrates the vice of a multifarious issue. Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 214 S. W. 456, 462, 463; Texas & N. O. R. Co. v. Turner (Tex. Civ. App.) 199 S. W. 868; Lancaster & Wallace v. Rogers & Adams (Tex. Civ. App.) 258 S. W. 283.

We sustain that group of propositions complaining of the multifarious nature of issue No. 2. This renders it unnecessary to discuss each of the remaining assignments as they pertain to matters that will not arise upon another trial.

■■ The measure of damage adopted by the court seems to be challenged by other assignments, but it is not deemed advisable to write upon this phase of the case, since the legal measure of damages allowed in such cases for the different injuries complained of has been stated so often in the opinions of our courts. As a general proposition we make the observation that the plaintiffs' damages, if any, must be estimated upon the market value of their stock at destination of shipment, if it had any market value, when it arrived there. In the absence of any market value, the plaintiffs would be entitled to have their damages based upon the intrinsic value of the stock. Evidence of intrinsic value, where the testimony shows it had a market value, is inadmissible. Panhandle & S. F. R.

Co. v. Snodgrass (Tex. Civ. App.) 278 S. W. 337.

For the reasons assigned, the judgment of the trial court will be reversed, and the cause remanded for a new trial.