**LOVING v. LAIRD et al.**

No. 10847.

Court of Civil Appeals of Texas. Dallas.

Oct. 10, 1931.

Rehearing Denied Oct. 24, 1931.

Ross Lawther, and Wm. M. Cramer, both of Dallas, for appellant.

T. W. Davidson and J. W. Randall, both of Dallas, for appellees.

LOONEY, J.

This is a suit by Pat Laird, a minor, by E. M. Laird, his father, and Mrs. Linnie Laird, his mother, as next friends, to recover damages for personal injuries received by being struck and knocked from the running board of a Ford coupé by a truck operated by an agent of Earl S. Loving, appellant; and Mrs. Laird in the same action sued to recover in her individual right damages for the loss of services of her son, for medical expenses, etc.

Appellant sought to have abated the cause of action set up by Mrs. Laird in her individual right, on the ground that E. M. Laird, the husband, was the proper person to sue for and recover such damages; also answered by demurrers, general denials, pleaded contributory negligence on the part of plaintiff, his father and mother, and Mrs. Morrow, driver of the coupé, on the running board of which the boy was standing when struck by the truck. Appellant also interpleaded A. H. Belo & Co., alleging that Mrs. Morrow, who at the time of the injury was being assisted by Pat Laird in delivering to subscribers the Dallas Journal, one of its publications, was its agent, and that her negligence was the proximate cause of the injury to said minor. However, as the corporation was dismissed on its plea in abatement, its connection with the litigation will not be further noticed. All issues of fact having been found in favor of plaintiffs, and their damages assessed at the total sum of $10,450, apportioned $8,000 to Pat Laird and $2,450 to his mother, Mrs. Linnie Laird, the court rendered judgment against appellant accordingly, from which he appealed.

■ By proper assignment, appellant urges the proposition that the claim for lost services of the minor—doctor bills, etc.,— was community property of E. M. Laird and wife, Linnie Laird, for the recovery of which the husband alone was entitled to sue, hence the judgment in favor of Mrs. Laird for those items was unauthorized and should be set aside.

This proposition correctly asserts the general rule, but the facts of the case, in our opinion, bring it clearly within a well-recognized exception. As before shown, E. M. Laird, joined his wife as next friend in the prosecution of the suit for the benefit of their minor son, and in the same pleading Mrs. Laird set up her right to recover individually for the loss of services and for medical expenses, etc., resulting from and incident to the injury to the boy, based upon allegations to the effect that, while she and her husband, E. M. Laird, were not divorced, nevertheless they were separated; that he had removed to and resided in another part of the state; that he contributed nothing to the support of herself or their three minor children, including Pat; that Pat gave to her all his earnings, and was in turn supported and cared for by her. The evidence, without contradiction, fully sustained these allegations. In addition to this, the first amended supplemental petition filed in the cause by E. M. Laird and wife contains this allegation: "That E. M. Laird, the father of Pat Laird, makes no claim for any individual compensation for himself by virtue of the injuries, but joins herein as next friend in order that Pat Laird may maintain this suit and recover such damages as the court may in its judgment award." Disposing of the parties and issues, the court adjudged, among other things, "that the plaintiff E. M. Laird take nothing by this suit except in so far as the same was awarded to the minor, Pat Laird."

These facts show that, by reason of having been abandoned by her husband, and his failure to contribute to the support of herself and minor children, Mrs. Laird was thrown upon her own resources for the support of herself and children; therefore was authorized to sue in her own individual right for the loss of services, and for medical expenses incident to and resulting from the injuries to her son.

The doctrine controlling such a situation was accurately and succinctly stated by Judge Robertson, in Cullers v. James, 66 Tex. 494, 497, 1 S. W. 314, in the following language: "In Texas, practically, the protection and disability of marriage have been linked together, and the wife, when deprived of the one, has been released from the other. Ezell v. Dodson, 60 Tex. 331, and cases cited. Humanity requires that when thrown upon her own resources by the abandonment of her husband, or by his lunacy or imbecility, she shall be unfettered in her struggle for existence and independence. Here her separate being has not been merged in her husband, at common law, but, as far as it could be done, consistently with the preservation of the home and family, she has been disenthralled. She has equally with her husband an interest in the community property, and while her husband is the managing partner, and may assert his prerogative as long as he exercises it in good faith, yet, certainly, when he aban-

dons the wife and their property, there can be no principle in our law or practice which would prevent the wife, as a party in interest, from asserting her rights in the courts. The husband has abdicated his authority, and by that act enabled the wife to appear in court in her own name and right."

■ Aside, however, from this status of the case, in view of the disclaimer of record by E. M. Laird, that he made no claim except as next friend for his son, and the adjudication that he take nothing except in so far as the same was awarded to his son, Mr. Laird would be estopped to prosecute a subsequent action against appellant for the recovery, in his individual right, of damages resulting to the community from the injuries to his son. We therefore overruled this contention of appellant.

Plaintiffs relied for recovery on allegations to the effect that appellants' agent, the driver of the truck, was guilty of negligence in operating the same at the place and under the circumstances at a high and dangerous rate of speed; that he was negligent in failing to keep a lookout for persons, in order to avoid injuring them; that he was negligent in not keeping the truck under proper control, so as to avoid running into persons and automobiles; and that such negligence was a proximate cause of the injury.

The evidence was sufficient to sustain findings favorable to plaintiffs on each alleged phase of negligence, but the court, it seems, submitted specifically and separately only one phase—that is, the issue as to the failure of the driver to keep a proper lookout. The question of negligence was submitted by the court in special issues Nos. 3, 4, and 5, as follows:

■■ "No. 3: Do you find and believe from a preponderance of the evidence that if Mrs. Morrow was in the act of pulling out from the curb into the street at the time of the alleged collision, then could the driver of the truck, in the exercise of ordinary care in driving and keeping a lookout, have avoided such collision and injury, if any, to the plaintiff, Pat Laird? Answer this question 'yes' or 'no.' Answer: 'Yes.'

"No. 4: Do you find and believe from a preponderance of the evidence that the plaintiff Pat Laird, on or about the date stated in plaintiff's petition, was struck and injured by reason of the negligent operation, if any, of a truck owned and operated by the agents and servants of the defendant, Earl S. Loving? Answer this question 'yes' or 'no.' Answer: 'Yes.'

"If you have answered Special Issue No. 4 in the affirmative or by 'yes' then you will answer the following special issue, but if you have answered Special Issue No. 4 in the negative or by 'no' then you need not answer the following special issue:

"No. 5: Do you find and believe from a preponderance of the evidence that the negligence, if any, of the defendant in the operation of his truck was the proximate cause, as that term has hereinabove been defined to you, of the alleged injuries, if any, to the plaintiff, Pat Laird? Answer this question 'yes' or 'no.' Answer: 'Yes.'"

Appellant urged below objections to special issues Nos. 4 and 5, to the effect that they were too general, did not confine the jury to the acts of negligence pleaded, or to any specific act of negligence, were multifarious and duplicitous. These objections were overruled, error was assigned thereon, and the proposition urged here is that separate issues of negligence should have been submitted as pleaded, and that the court committed reversible error in the manner and form in which the question of negligence was submitted to the jury.

When read together, the effect of the charge of the court was a submission of the alleged negligence of the driver in failing to keep a proper lookout, which the jury found in favor of plaintiff, and further that such negligence was a proximate cause. This, in our opinion, was sufficient to sustain the judgment, for, even if the other phases of negligence alleged by plaintiffs—that is, as to the rate of speed the truck was being driven, and the failure of the driver to keep the same under proper control—had been separately submitted and found by the jury in favor of appellant, yet, in view of the finding that the driver was negligent in failing to keep a proper lookout, and that such negligence was a proximate cause of the injury, plaintiffs would nevertheless be entitled to judgment. For this reason, we do not think the case is within the rule announced in Lancaster v. Rogers (Tex. Civ. App.) 258 S. W. 283; Rosenthal v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137; 'Kansas City, etc., v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335, 337; and Northern Texas Traction Company v. Singer (Tex. Civ. App.) 34 S.W.(2d) 920, 922, as contended by appellant. In each of these cases separate acts of negligence were alleged, but the question of negligence, whether or not, was submitted to the jury in a general form, which met condemnation; the courts holding that negligent acts should have been separately submitted as plead.

In the discussion appellant seems to have ignored special issue No. 3 and the answer of the jury thereto, and rests his contention on objections to special issues Nos. 4 and 5. If these issues stood alone, the case would be similar to the adjudicated cases mentioned above, and the doctrine announced in those cases and invoked here would doubtless be applicable, but such is not the case. Special issue No. 3 and the answer of the jury thereto cannot be ignored, and, when considered

in connection with issues Nos. 4 and 5, we do not think appellant's position is well taken. Having carefully considered all assignments of error and propositions urged by appellant, and finding no reversible error, the judgment below is affirmed.

Affirmed.