## TWADDELL et al. v. H. O. WOOTEN GROCER CO.

### No. 1219.

Court of Civil Appeals of Texas. Eastland.
Jan. 26, 1934.

Rehearing Denied Feb. 23, 1934.

W. D. Wilson, of Lubbock, and Callaway & Callaway, of Brownwood, for appellants.

Davidson, Doss & McMahon, of Abilene, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee against appellant S. H. Twaddell upon two promissory notes and an open account for merchandise, with a foreclosure

of certain liens securing the indebtedness, and against the appellant S. R. Bowman upon his written guaranty of the indebtedness of Twaddell. Judgment also ran against W. R. Lewis for $612 upon a finding that at the time he became a partner of Twaddell the value of the stock of merchandise owned by Twaddell, and of which Lewis purchased a one-half interest, was $612. Liability was predicated against Lewis for violating the terms of the Bulk Sales Law.

In his answer Lewis alleged that at the time he became a partner of Twaddell the value of the stock of merchandise was only $68.62, and that, after he purchased said interest, there was paid to appellee $200, which was more than the proceeds of the stock of merchandise on hand at the time of his purchase. Twaddell and Bowman pleaded that the indebtedness·declared upon by appellee was incurred under certain written and verbal contracts entered into by Twaddell and his then partner, F. R. Sanders, with the appellee, which were in violation of the anti-trust laws of this state, by reason of which the obligations declared upon were unenforceable. Bowman pleaded other defenses, which were not sustained below, and about which no questions are presented here. Attached to the answer of Twaddell and Bowman, as an exhibit, was a copy of a contract alleged by them to have been entered into between appellee and Twaddell and Sanders at a time when Sanders was a partner of Twaddell's, and before Lewis purchased an interest in the business. Appellee denied that the contract alleged by said appellants was ever executed. It also denied that there was a verbal understanding or agreement whereby Twaddell and Sanders were to sell the merchandise purchased from it at prices fixed by it. The case was submitted to the jury upon special issues, by their answers to which the following fact findings were made: (1) The written agreement, the printed form of·which was attached to the answer of Twaddell and Bowman, was never entered into; (2) there was no understanding nor agreement between appellee and Twaddell and Sanders that the latter were to sell merchandise purchased from appellee at prices fixed by it; (3) appellee did not induce the execution of the written guaranty by Bowman upon false representations; (4) that Bowman understood the contents of the guaranty contract executed by him; (5) that the value of the stock of merchandise on hand in Twaddell's store at the time Lewis purchased a one-half interest therein was $612; (6) that Twaddell and his as-sociates, because of their membership in the Red & White Stores System, received from appellee a 5 per cent. rebate monthly on all groceries purchased from appellee. Upon these findings, judgment was rendered as indicated in the first paragraph of this opinion.

The brief contains six assignments of error which present three separate questions for decision. Three of the assignments present in different ways the question that, under the undisputed evidence, judgment should have been rendered in favor of appellants and against appellee in so far as appellee declared upon the open account and one of the two promissory notes; the contention being that, under the undisputed evidence, the account and one of the notes declared upon. arose out of a contract condemned by the anti-trust laws of this state. Upon the trial of the case, it developed that there exists a corporation known as Red & White Stores System, the stock of which is owned by wholesale grocers throughout the nation. Appellee is a stockholder in that company, and its several wholesale houses are known as the supply houses for different units of retail grocers. The form of contract attached to the answer of Twaddell and Bowman, and alleged to have been entered into between them and the appellee, was a form prepared by the Red & White Stores System. Appellee's witnesses testified that said System sent appellee this suggested form of contract, but that it never used same. The jury so found, upon conflicting evidence, and there is no contention presented in that regard. In connection with the testimony of one of appellee's officers, there was produced and introduced by appellee the form of agreement or contract executed by Twaddell and Sanders at the time they became members of the Red & White Stores System. This instrument is here set out in full as follows:

"Confidential                    Official Bulletin

"This Is The Way

"Information        The Red and White Stores

"The Red & White Stores

"Save for Reference

"Membership Application

"Red & White Stores

"Realizing that the merchandising power of a large group of retail merchants, wholesale supply houses and manufacturers dealing with each other on a basis of mutual cooperation will produce results to the material benefit of all concerned,

"We therefore make application to become a member of the Red & White Stores System.

"It is understood that upon acceptance of this application, all Red & White buying privileges will be in force for this store. It is also understood that no Red and White identification will be available until the store has satisfactorily complied with Red & White standards of appearance and operation.

"It is agreed that all purchases of dry groceries will be made from the Red & White grocery supply house, and that invoices for same will be paid weekly. Specialty orders will be discontinued.

"And it is agreed that applicant will furnish the Red & White Supply House with a detailed Financial Statement at the time of making application or before engaging as a Red and White operator.

"This membership, when accepted, shall continue for a period of one year. It shall be without costs, dues, or stock purchases. It is also understood that WE shall retain complete control, ownership, and management of this business. It is further understood that this membership, in event of sale of this business, cannot be transferred without the consent and approval of the Red & White Organization.

Signature of applicant, including all partners, or president.

[Signed] S. H. Twaddell

[Signed] F. R. Sanders Town Spur, Texas Date 10–22–1931."

"No. ———

■ It was then contended by appellants, and is here likewise contended, that this agreement, interpreted in the light of the facts as to the operation of the business thereunder, is void under the anti-trust laws of this state. The principal authority relied upon in support of the contention that the instrument itself evidenced a void contract is Great Atlantic & Pacific Tea Co. v. Jones Inv. Co. (Tex. Civ. App.) 47 S.W.(2d) 362. That authority seems to support the contention, but, since we began the consideration of this case, there has been published the opinion by the Commission of Appeals in the same case. See Jones Inv. Co. v. Great Atlantic & Pacific Tea Co., 65 S.W.(2d) 495. This latter opinion does not mention any of the authorities relied upon by the Court of Civil Appeals in support of its holding, but it does recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed. There was only one question discussed, and, since the Supreme Court entered the judgment recommended by the commission, we regard this opinion by the commission as expressing the views of the Supreme Court, which

are binding upon us. Upon the authority of the commission's opinion, we hold that the instrument above copied obligating the signers to purchase all dry groceries from appellee is not violative of the anti-trust laws of this state. See, also, Cox v. Humble Oil & Refining Co. (Tex. Com. App.) 16 S. W.(2d) 285, and Montgomery v. Creager (Tex. Civ. App.) 22 S.W.(2d) 463.

Appellants cite W. T. Rawleigh Co. v. Land, 115 Tex. 319, 279 S. W. 810, and other similar authorities as supporting their contention that the acts and conduct of the parties evidenced an illegal transaction and agreement. We shall not detail all these facts. It may be that they would support a finding of illegality, but we are not called upon to determine that question. The contention here is that they establish such illegality as a matter of law. Clearly we think that at most they but presented an issue of fact. These assignments are overruled.

■ Complaint is made of the refusal of the trial court to give the following charge to the jury: "You are instructed in connection with Special Issue No. 1, that if you should believe from a preponderance of the evidence that Twaddell and Sanders signed the printed form of contract offered in evidence before you, and that it was accepted and acted upon by the plaintiff, H. O. Wooten Grocer Company, that said contract would be 'entered into' within the meaning of Special Issue No. 1, whether it was ever actually signed by the said company or not."

The court did not err in refusing to give this instruction to the jury for two reasons: (1) It was a general charge requested in a case submitted on special issues; and (2) it was clearly upon the weight of the evidence. Kansas City, M. & O. Ry. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335; Standard v. Texas Pacific Coal & Oil Co. (Tex. Civ. App.) 47 S.W.(2d) 443.

■ It is complained on behalf of appellant Lewis that the answer of the jury to special issue No. 6 has no support in the evidence. That issue was as follows: "What was the value of the stock of merchandise on hand in the defendant S. H. Twaddell's store, at the time the defendant W. R. Lewis purchased a one half interest therein?" To which the jury answered $612. Upon this answer judgment was rendered against Lewis for $612 under the claimed provisions of the Bulk Sales Law. Article 4001 et seq., R. S. 1925. The only evidence in support of this answer was testimony of a witness that about 20 days before the purchase by Lewis an inventory of the stock of goods disclosed

that the value thereof was $612. There was positive testimony by Twaddell and Lewis that at the time of such purchase they took a complete inventory of the stock of goods, which disclosed its value to be $68.62. The place of business had been open during the 20 days intervening between the date of the inventory and the date of the purchase. It is not shown that any new stock was added during that period. We could not presume that the same merchandise was in the building on the day of the purchase by Lewis that was there 20 days before when the inventory was taken, nor even that a substantial portion thereof remained. We therefore sustain this assignment, and reverse the judgment as to appellant Lewis. We question whether the recovery against Lewis should be for the full value of the stock of merchandise, since he purchased only a one-half interest therein, but the point is not briefed. Counsel are requested to give us the benefit of their views on this question in connection with the anticipated motion for rehearing.

■ Our order is that the judgment of the court below be affirmed, except in so far as it awarded a recovery against appellant Lewis, and, that, as to him, it be reversed and remanded. A question arises as to the awarding of the costs of appeal. Since the judgment against appellants Twaddell and Bowman is affirmed, appellee should recover its costs as to them; but, since the judgment against Lewis is reversed and remanded, he should recover his costs against appellee. We accordingly direct that two-thirds of the costs of appeal be taxed against appellants Twaddell and Bowman, and one-third against appellee Wooten Grocer Company.

Affirmed in part, and reversed and remanded in part.