### Texas & Pacific Railway Company v. J. D. Johnson.

#### Decided February 23, 1910.

**1.—Collision at Crossing—Contributory Negligence.**

Evidence in case of plaintiff who drove upon a railway crossing after discovering an approaching train, assuming that he had time to cross, and not looking further to discover the distance of the train, considered and held to show contributory negligence precluding him from recovery.

**2.—Same—Omission of Signals.**

Where the plaintiff, injured by collision with a train at a crossing, had otherwise knowledge of its approach, the fact that signals for the crossing were omitted was immaterial.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*Ed. W.* and *R. G. Smith,* for appellant.—A person with the full knowledge of the rapid approach of a train who undertakes to go across a crossing in front of it without looking or listening to ascertain whether or not same is dangerously near, is guilty of contributory negligence.

On duty to look and listen: Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 74; Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 344; Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Texas, 643; International & G. N. R. Co. v. Graves, 59 Texas, 331; Turner v. Ft. Worth & D. C. Ry. Co., 30 S. W., 253; Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 73; Texas & P. Ry. Co. v. Fuller, 5 Texas Civ. App., 660; Gulf, C. & S. F. Ry. Co. v. Moss, 4 Texas Civ. App., 318.

On immateriality of giving statutory signals: Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 28; Central Texas Ry. Co. v. Nycum, 34 S. W., 460.

On peremptory instruction: Galveston, H. & S. A. R. Co. v. Ryon, 80 Texas, 59.

No briefs for appellee on file.

RICE, Associate Justice.—Appellee brought this action against

appellant to recover damages for personal injuries sustained by himself and wife, and also for injury to his horses and wagon, alleged to have been caused by reason of having been struck by one of defendant's passenger trains on a public crossing in the town of Colorado.

Appellant answered by general demurrer, special exceptions and plea of contributory negligence, to the effect that plaintiff, with knowledge that the train was approaching, negligently drove upon the track and was injured.

There was a jury trial, resulting in a verdict and judgment for appellee, from which this appeal is prosecuted.

There are numerous errors assigned, but, in the view we take of this case, it will only be necessary to consider two of them; the first of which is, that the court erred in failing to give a peremptory instruction in behalf of appellant; and the second is that the court erred in overruling appellant's motion for a new trial on the ground of the insufficiency of the evidence. It will therefore be necessary to make a statement of the salient features of the evidence as regards the plea of contributory negligence set up by appellant.

On the night of January 20, 1906, appellee and his wife were returning home from the town of Colorado, and it was necessary, in doing so, to cross defendant's tracks, which ran east and west through the town. They started from the northern part of the town, traveling a road that ran north and south across the tracks. The track just east of the crossing was on a curve, bending north, but as it neared the crossing it became straight. The curve began immediately east of the crossing and extended east something like 300 yards, and the train that struck plaintiff's wagon was coming from the east towards the crossing. A person at or near this crossing, it was shown, could see the headlight of an engine at least from three-quarters to a mile approaching from the east, but the light from the engine would not be cast over the crossing during the whole distance, because when the engine struck the curve which inclined to the north, it would throw the light on the prairie south of the crossing. Plaintiff and his wife both testified that before they got to the crossing they heard the whistle blow and saw the headlight, which they then took to be about the salt works, some mile from the crossing; that it was a passenger train and was running from forty to fifty miles an hour, and that while they knew the train was rapidly approaching the crossing, they did not look or listen for it before driving upon the track, and the inference is strong that if they had done so they could have discovered its dangerous proximity; that as they drove upon the track they looked up and saw the headlight just coming around the curve, when they whipped up the team for the purpose of escaping, but the train was so near and approaching so rapidly that it struck the hind wheel before they cleared the track, upsetting the wagon, throwing them out, injuring both of them, as well as the wagon and the horses. There was a signal post shown to be just about where the curve starts in, some 200 feet east of the crossing; and there was a conflict in the evidence as to whether or not the whistle was blown when passing the signal post—the employes of

appellant testifying that it was, while the plaintiff and his wife testified that it was not. Both plaintiff and his wife testified that the bell was not rung when the train came to the crossing where the accident occurred. It was alleged and shown that the track at the crossing was in bad condition, the rails extending from four to six inches above the surface of the ground, which had not been filled in, and that this condition had existed for several months prior thereto, and it was hard for a wagon to pull across the track in this condition. But it was also shown that appellee was familiar with the track at this point, crossing it every day during the time that it was in this condition.

There is also evidence to the effect that on the night of the accident plaintiff's wife said, in the presence of several witnesses, who testified both for them and for the company, that she told her husband not to drive upon the track in front of the train, and that if he had listened to her the accident would not have occurred. She testified, however, that if she made this statement she had no recollection of it, and the plaintiff himself, in effect, denied the making of this statement. She testified: "When we got to the crossing on this night, and before we started on the crossing, neither Mr. Johnson nor myself stopped and looked and listened." They each testified that they thought they had plenty of time to cross all right; that when they first saw the headlight it was not shining directly on them, but the reflection was on the prairie, south of the track.

A witness for the defendant testified that he was riding along right behind appellee and his wife at the time of the accident; that he did not cross the track in front of the train; that he saw it coming for a half or three-quarters of a mile before it got to the crossing, and saw it all the way from the salt works, which is some three-quarters of a mile, to the crossing; that the night was dark; that he heard the plaintiff's wagon in front of him, but did not see plaintiff. The engineer testified that he did not discover plaintiff or his wagon until they had turned the west end of the curve near the crossing, at which time it was impossible to stop the train, which was running at some thirty-five miles an hour; but since the town of Colorado was unincorporated, no point can be made as to the speed of the train.

This evidence on the part of plaintiff, it seems to us, establishes without question the fact that plaintiff and his wife, before driving upon the track, knew that a passenger train was rapidly approaching them, and evidently knew of the danger and hazard of attempting to cross the track. They failed to look or listen, and if they had done either, in our judgment, they would have ascertained that the train was too near the crossing to admit of a safe passage over it. This failure on their part, in our opinion, constitutes such negligence as will preclude their recovery. Justice Willie, in discussing a similar question in Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 74, says: "Everyone about to step upon a railroad track must 'listen and look before attempting to cross, in order to avoid an approaching train, and not walk carelessly into the place of possible danger.' Chicago, R. I. & P. R. R. Co. v. Houston, 95 U. S., 702.

'Failure to do so is not merely an imperfect performance of duty, but an entire failure of performance, which will bar his right to recover damages, if it contributed proximately to the injury.' North Pa. Ry. Co. v. Heileman, 49 Pa. St., 60. A person who voluntarily exposes himself to such dangers as this, from which he might have saved himself by the proper use of his senses, contributes directly to his own death, and no cause of action lies for the injury." See also the following cases: Galveston, H. & S. A. Ry. v. Porfert, 72 Texas, 344, 10 S. W., 208; Galveston, H. & S. A. Ry. v. Kutac, 72 Texas, 643, 11 S. W., 130; International & G. N. Ry. v. Graves, 59 Texas, 331; Turner v. Ft. Worth & D. C. Ry., 30 S. W., 253; Sabine & E. T. Ry. v. Dean, 76 Texas, 73, 13 S. W., 45; Texas & P. Ry. v. Fuller, 5 Texas Civ. App., 660, 24 S. W., 1090; Gulf, C. & S. F. Ry. v. Moss, 4 Texas Civ. App., 318, 23 S. W., 475.

There is no merit, we think, in the contention that there was a failure on the part of the employes of the company to blow the whistle at the signal post, if they did fail so to do, because it conclusively appears from appellee's testimony that he and his wife had knowledge of the fact that the train was coming. The whistle was only intended to notify persons of the approach of the cars, and since it is shown that they had this knowledge otherwise, it was immaterial whether the whistle was blown or not. See Houston & T. C. Ry. v. Nixon, 52 Texas, 28; Central Texas Ry. v. Nycum, 34 S. W., 460.

Believing that the trial court erred in refusing to instruct a verdict in behalf of appellant, as well as in refusing a new trial, its judgment is reversed and here rendered in favor of appellant.

*Reversed and rendered.*