**CLEMENTS et al. v. HINES, Director General of Railroads. (No. 2554.)**

(Court of Civil Appeals of Texas. Texarkana. April 27, 1922.)

**Railroads ⊂⇒327(2)—Truck driver held guilty of contributory negligence.**

An automobile truck driver, struck by a train at a familiar crossing, who had an unobstructed view of the track for 1,479 feet, and knew that a train was due, and could have seen it if he had looked, *held* guilty of contributory negligence as a matter of law.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

Action by J. W. Clements against W. D. Hines, Director General. Judgment for defendant, and plaintiff appeals. Affirmed.

Culp & Culp, of Gainesville, for appellant.
Garnett & Garnett, of Gainesville, for appellee.

LEVY, J. The appellant J. W. Clements brought the suit against the appellee to recover damages for personal injuries alleged to have been occasioned to him through negligent operation of a train. The negligence alleged was (1) running the train within the corporate limits of the city of Gainesville at a greater rate of speed than six miles an hour, in violation of the city ordinance; (2) failure to blow the whistle and ring the bell at the public street crossing, in violation of the city ordinance, as well as the state law; and (3) failure to erect and maintain a public road crossing sign to warn of the necessity of looking out for cars at the street crossing. The defendant pleaded negligence on the plaintiff's part proximately causing the injury. The court gave the following charge to the jury:

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The evidence in this case so clearly establishes the fact that the plaintiff was guilty of contributory negligence, upon the occasion of his injury, causing his injury that there is no room for ordinary minds to differ with reference thereto. You are therefore instructed to return a verdict for the defendant."

The appellant seeks by assignment of error to revise the ruling of the court directing a verdict for the defendant. It is believed that in the facts of the record the trial court did not err. The railway track extends east and west from and through Gainesville. In going west from Gainesville the railway track crosses Dixon street on the outskirts of the city. The street runs north and south. The view of the railway track west of the street crossing is plain and unobstructed for several hundred yards; it is an open prairie country on the north of the street crossing. Traveling from the north to the south on Dixon street towards the street crossing, and looking west, there is, beginning at a point 163 feet north of the crossing, a clear and unobstructed view of the track and approaching trains for a distance, as actually measured, of 1,479 feet.

Appellant for ten months prior to the date of the injury in suit was engaged in the transfer business, hauling trunks and baggage from trains, and knew of the trains. He also about three weeks before the injury had been hauling cotton seed to the oilmill, crossing Dixon street crossing almost daily; and had known about the crossing and its use for a long period of time. The train in question was scheduled to arrive in Gainesville from the west between 8 and 9 o'clock a. m. Several people, known to appellant, were at the place of the crossing at the time of the injury. After unloading cotton seed at the oilmill north of the crossing, appellant started back south down Dixon street. He was driving an automobile truck. About 75 feet north of the crossing appellant stopped his truck, and had a man get in it to ride with him. It appears that the train was approaching the crossing at that time. As appellant was coming in the truck, several people standing by the street about 40 feet from the crossing holloed at him that the train was approaching. A wagon driven by M. E. Latham was standing in the street 40 feet from the crossing. Latham had seen and heard the train approaching from the west. Appellant drove his truck around or to the left of the wagon, and continued on south to the crossing and ran into the pilot of the engine as the train reached the crossing. Mr. Hayes was in the street near the wagon, holloed to appellant to "look out! there comes the train!" and at the same time raised his hand toward the coming train. Appellant paid no attention to Mr. Hayes, and Hayes, who was in the street, had to get out of the way to avoid being run over by appellant's truck. It is true appellant denies that he saw the train or knew of its approach, and says he did not see at or near the wagon any people waving at him. Appellant says his hearing was good and his eyesight good, and that the morning was clear and bright. The physical facts and the undenied evidence plainly and fully show that appellant did not exercise any degree of care in approaching a public crossing that he was fully acquainted with, knowing at the time the train schedules and that a train was due there. There was nothing to prevent his seeing the train before he collided with it at the crossing causing his injury, if he had merely looked. There is no reason appearing why he drove ahead blindly and without heed or thought.

It is thought that discovered peril was not legally alleged as a ground of recovery in the petition of appellant, and that, even if it were properly alleged, the evidence does not show that the operatives of the engine saw the appellant in danger in time to have averted the automobile truck from striking the pilot of the engine.

The judgment is affirmed.