**VEAZEY et ux. v. GALVESTON, H. & S. A. RY. CO. (No. 1932.)***

(Court of Civil Appeals of Texas. El Paso. Jan. 6, 1927. Rehearing Denied Jan. 27, 1927.)

1. Trial ⌐⟞350(7)—Evidence indicating automobile driver's failure to look and listen before crossing railroad held to warrant submission of special issue as to contributory negligence.

In action against railroad company for personal injuries and damages to plaintiff's automobile from a collision, at a crossing, submission of special issue that plaintiff was guilty of contributory negligence, *held* warranted by evidence.

2. Railroads ⌐⟞350(16)—Credibility of testimony that witness looked and listened for train is for jury.

In action against railroad company for personal injuries from collision between plaintiff's automobile and defendant's train at crossing, jury was not bound to believe plaintiff's testimony that she looked and listened before going on the tracks; credibility of witnesses being for jury.

3. Negligence ⌐⟞136(9)—Negligence is question of fact for jury when different inferences may be drawn.

The question of negligence is a question of fact and not one of law, when there is room for different minds to draw different inferences from the evidence.

4. Appeal and error ⌐⟞999(3)—Finding of jury on question of negligence is binding upon Court of Civil Appeals.

In action against railroad company for personal injuries from collision between plaintiff's automobile and defendant's train at crossing, finding of jury on question of negligence is binding upon the Court of Civil Appeals.

5. Appeal and error ⌐⟞1033(3)—Question answered favorably to party complaining of prejudicial effect on jury is not ground for appeal.

In action for damages, involving collision at railroad crossing between automobile and train, answer favorable to automobile driver, on question as to whether she slowed down her automobile before attempting to cross, is not available to her as ground for reversal.

6. Appeal and error ⌐⟞1060(1)—Arguments of counsel, as to absence of one injured with plaintiff, do not constitute reversible error, where they do not prejudice jury.

In railroad crossing accident case, argument of counsel that companion of plaintiff, who was riding with her, had not sued railroad, and that, if accident happened as plaintiff contended, she would have him present to testify, every issue except that of contributory negligence having been decided in plaintiff's favor, is not reversible error.

7. Appeal and error ⌐⟞1060(1)—Arguments of counsel that suit was piece of chicanery, not prejudicing jury in their verdict, do not constitute reversible error.

Argument of counsel that action to recover damages for injuries sustained at a crossing accident was mere effort to get money from defendant, and piece of chicanery, does not constitute reversible error; jury not having been influenced thereby.

8. Appeal and error ⌐⟞1064(1)—Trial ⌐⟞215—Submitting case on both general charge and special question held improper, but not reversible error, when no injury resulted.

General charge, directing jury to find both negligence on part of defendant and that such negligence was proximate cause of injury complained of, before answering special question as to negligence in the affirmative, *held* improper, but not reversible error, where the special question was answered favorably to party complaining.

Appeal from District Court, El Paso County; P. R. Price, Judge.

---

Action by W. A. Veazey and wife against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Jones, Hardie & Grambling, of El Paso, for appellants.

H. Potash and Kemp & Nagle, all of El Paso, for appellee.

PELPHREY, C. J. Alice V. Veazey, joined by her husband, W. A. Veazey, brought this suit in the Forty-First district court of El Paso county, Tex., against appellee, Galveston, Harrisburg & San Antonio Railway Company, for personal injuries to Mrs. Veazey and for damages to the automobile of appellants. The collision was alleged to have occurred at the intersection of Piedras street in the city of El Paso and the tracks of appellee.

Appellants alleged that the injuries and damages complained of were caused by the negligence of appellee in operating its train across the crossing at an excessive rate of speed, and in failing to have the crossing gates closed or in failing to have a watchman at the crossing to warn Mrs. Veazey of the approaching train.

Appellee answered by general demurrer, general denial, and a plea of contributory negligence.

At the request of appellants the court submitted the following special issues:

"Question No. 1: Do you find from a preponderance of the evidence that, at the time defendant's train struck plaintiff's automobile, said train was going at a rate of speed in excess of 10 miles per hour? Answer 'Yes' or 'No.'

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer this additional question:

"Question No. 2: Do you find from a preponderance of the evidence that such rate of speed was a proximate cause of the accident complained of? Answer 'Yes' or 'No.'

"Question No. 3: Do you find from a preponderance of the evidence that defendant was guilty of negligence in failing to have its gates at said crossing down before its train passed over said crossing? Answer 'Yes' or 'No.' In connection with this question, you are charged that you will not consider or discuss a purported ordinance of the city of El Paso, copied at about the top of page 6 of plaintiffs' first amended original petition.

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer this additional question:

"Question No. 4: Do you find from a preponderance of the evidence that such negligence, if defendant was negligent in failing to have said gates down, was a proximate cause of the accident complained of? Answer 'Yes' or 'No.'

"Question No. 5: Do you find from a preponderance of the evidence that the view of the crossing where the accident occurred was obstructed or partially obstructed? Answer 'Yes' or 'No.'

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer this additional question:

"Question No. 6: Do you find from a preponderance of the evidence that plaintiff Mrs. Veazey failed to slow her automobile down to a speed not exceeding 6 miles per hour not nearer than 30 feet of said track, before attempting to make the crossing? Answer 'Yes' or 'No.'

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer this additional question:

"Question No. 7: Do you find from a preponderance of the evidence that her failure to so slow down her automobile, if she did so fail, proximately contributed to cause the accident? Answer 'Yes' or 'No.'

"Question No. 8: Do you find from a preponderance of the evidence that Mrs. Veazey, before going on defendant's track, failed to look and listen for an approaching train? Answer 'Yes' or 'No.'

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer this additional question:

"Question No. 9: Do you find from a preponderance of the evidence that such failure on her part, if she did fail in the matters inquired about in question No. 8, proximately contributed to cause the accident? Answer 'Yes' or 'No.'

"Question No. 10: What sum, if paid in cash now, do you find from a preponderance of the evidence would reasonably compensate Mrs. Veazey for the personal injuries sustained as a proximate result of the accident? In answering this question, you are charged that, if you believe from a preponderance of the evidence that Mrs. Veazey, as a proximate result of the accident, has lost time and was prevented from earning money, you may take that into consideration in answering this question; and, if you believe, as a proximate result thereof, that she suffered physical and mental pain, you may take that into consideration in answering this question; and if you believe that in the future her capacity to earn money has been lessened, as a proximate result of the accident, you may take that into consideration; and, if you believe from a preponderance of the evidence that she will suffer mental or physical pain in the future, as a proximate result of the accident, you may take that into consideration in estimating her damages.

"Question No. 11: What do you find from a preponderance of the evidence was the difference in the reasonable market value of her automobile just before and just after the accident?"

The court also submitted the following question:

"Supplementary issue No. 8A, to be answered in the event you answer question No. 8 in the affirmative, but not otherwise: Do you find from the preponderance of the evidence that her failure to look and listen, if she did so fail, was negligence on her part?"

The jury answered questions 1, 2, 3, 4, 5, 8, 8A, 9, and 10, in the affirmative and question No. 6 in the negative. Their answer to

question No. 10 was $200, and to question No. 11, $675.

Upon the above findings, the court rendered judgment for appellee.

## Opinion.

[1, 2] Appellants in their first assignment contend that the verdict of the jury as to the contributory negligence of Mrs. Veazey was clearly wrong and was without evidence to support it.

Mrs. Veazey testified that she looked and listened before going on the tracks of appellee the night in question, but the jury was not bound to accept that evidence as true.

There is evidence in the record which shows that from the north rail of the passing track, which is about 50 feet south of the track upon which the accident occurred, the headlight of a train approaching the crossing can be seen for a distance of 500 feet, more or less; there is evidence that the whistle was blown for the crossing at the required distance, and that the bell on the engine had been ringing since the train passed Clint, several miles away.

Under our law, the juries are the judges of the credibility of the witnesses and the weight to be given their testimony, and we cannot agree with appellants that there was no evidence tending to show that Mrs. Veazey failed to look and listen before going upon the tracks.

If the jury believed from the evidence that it was possible for her to have seen the approaching train before she drove her car onto the track upon which the accident occurred, then they would be justified in believing that she failed to look, and, if they believed the testimony of the engineer and fireman as to the ringing of the bell, and blowing of the whistle, then they would also be justified in believing that she failed to listen.

[3] The question of negligence is a question of fact and not one of law, when there is room for different minds to draw different inferences from the evidence. Pierce-Fordyce Oil Ass'n v. Farrow (Tex. Civ. App.) 173 S. W. 1007; Bennett v. Railway (Tex. Civ. App.) 159 S. W. 132; Wininger v. Railway, 105 Tex. 56, 143 S. W. 1152; Little v. Jas. McCord Co. (Tex. Civ. App.) 151 S. W. 835; Railway v. Jackson (Tex. Civ. App.) 133 S. W. 926.

In the case of Jones v. Railway, 243 S. W. 976, the Commission of Appeals, speaking for the Supreme Court, held that, in passing upon the question of contributory negligence, it is a peculiar province of the jury, under our system of jurisprudence, to determine what constitutes ordinary care under a particular situation or combination of circumstances on the part of a person approaching a railway crossing in an automobile. Clements v. Hines (Tex. Com. App.) 240 S. W. 1010; Railway v. Morgan (Tex. Com. App.) 239 S.

W. 607; Railway v. Brigham (Tex. Civ. App.) 243 S. W. 713.

[4] Giving application to the above holdings in the present case, we are of the opinion that the question as to the negligence of Mrs. Veazey, was properly submitted to the jury, and their finding thereon is binding upon this court.

[5] Appellants, in their second assignment, complain of the submission of question No. 6, and say that the same was prejudicial to the appellants. This question was as to whether Mrs. Veazey slowed down her automobile to a speed not exceeding 6 miles per hour not nearer than 30 feet of the track before attempting to make the crossing. This question was answered favorably to appellants by the jury, and we can see no way in which it could have confused the jury or have prejudiced them against appellants; therefore we overrule the second assignment. .

[6] The third, fourth, and fifth assignments complain of statements made in their arguments by two of the counsel for appellee. Appellants charge that Mr. Potash in his argument stated that Dr. Boyle, whom the evidence shows was in the car with Mrs. Veazey at the time of the accident, had not sued the company, and that, if the accident happened as appellants claimed, they would have him present to testify. Appellee does not agree to the statement, but contends that Mr. Potash stated that the evidence did not show that Dr. Boyle had sued the company. Every issue in this case was decided in appellants' favor, except that of contributory negligence, and we are unable to see that the argument, even if conceded to be improper, in any way inflamed or prejudiced the jury, and, therefore does not constitute reversible error.

[7] Neither do we think Mr. Kemp's argument that the suit was a mere effort on the part of appellants and their attorneys to get money for themselves out of the railroad company or that the suit was a piece of chicanery on the part of plaintiffs caused the jury to render any different verdict than they would have rendered in the absence of such argument.

The preponderance of the evidence not being against the verdict, and there being nothing in the record to show bias or prejudice on the part of the jury, we are of the opinion that the statements complained of, while they may be of matters outside the record, and contrary to rule 39, do not constitute reversible error.

[8] The trial court, at the request of appellee, gave the following instruction:

"Gentlemen of the Jury: You are instructed that the burden of proof in this case is on the plaintiff Mrs. Veazey to show that the collision and injury and damage complained of, if any, were proximately caused by the negligence of the defendant, and, if you believe from the evidence that there was no negli-

gence of the defendant proximately causing the collision and injury and damage complained of, you will answer Issue No. 3 in the negative."

The submission of this charge was objected to by appellants, and they now assign error to the giving of it. We agree with appellants that the same was an improper charge, and directed the jury to not only find that the appellee was negligent in failing to have its gates down before crossing Piedras street, but that such negligence was a proximate cause of the injury complained of, before answering issue No. 3 in the affirmative. We find, however, that the jury, regardless of the charge in question, answered issue No. 3 favorable to appellants, and we see no injury that resulted to appellants from the giving of the charge.

In the case of Humble Oil & Refining Co. v. McLean, 280 S. W. 557, the Commission of Appeals held that a case could not, under our statute, be tried both on a general charge and upon special issues, and further held as follows:

"Every party litigant has the right to have his case tried in accordance with such statutory provisions. If this right be violated, over his objection, by the submission of instructions not authorized by statute, injury to the objecting party is presumed; and, unless it clearly appears that no injury or prejudice results to him, or his cause, he is entitled to a new trial."

In conformity to the above doctrine, we would feel obliged to reverse the present case except for the fact that, according to our view of the case, it clearly appears that no injury resulted to appellants or their cause.

Affirmed.