## HOUSTON ELECTRIC CO. v. McNATT et al. (No. 907—4975.)

Commission of Appeals of Texas, Section B. Dec. 12, 1928.

304

Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Samuel Schwartz, of Houston, and Marcus Schwartz, of Hallettsville, for defendants in error.

SHORT, P. J. This suit was filed in the district court of Harris county May 19, 1926, by defendants in error against the plaintiff in error to recover damages for certain alleged personal injuries inflicted upon defendant in error Adaline McNatt as the result of a collision at the intersection of Main and Eagle streets in the city of Houston between a street car of the plaintiff in error and an automobile driven by J. W. McNatt, assisted by his wife from the rear seat on account of defective hearing of the husband, resulting in a judgment for defendants in error in the sum of $5,000. Upon appeal from that judgment to the Court of Civil Appeals at Galveston, the judgment of the district court was affirmed (297 S. W. 628), and the case is here by reason of the Supreme Court having granted a writ of error based upon one assignment only, to the effect that the Court of Civil Appeals erred in holding that the defendants in error were not guilty of contributory negligence as a matter of law.

. Under proper pleadings, and after hearing the testimony, the jury found that the motorman operating the street car on the occasion of the collision negligently ran the street car faster than was reasonably safe for crossing Main street at that time and place; and failed to sound the gong on the car upon approaching before crossing Main street; and proceeded onto and across Main street without bringing the car to a stop; and that each of these three negligent acts was a proximate cause of the injuries alleged. Furthermore, the jury found that the collision was not an unavoidable accident, and that neither J. W. McNatt, who was driving the automobile at the time, nor Mrs. McNatt, who was riding on the back seat, failed under all the then existing circumstances to exercise ordinary care.

The Court of Civil Appeals, in discussing the assignments of error presented in that court, say:

"But one presentment is made to this court. It is that the verdict finding appellant guilty of, and the appellee free from, negligence, as well as that each separate act of the former's negligence was a proximate cause of the injuries suffered, was against the overwhelming weight and preponderance of the evidence. Conscious that our jurisdiction over, and determination of, this * * * question is exclusive and final (Barron v. Railway (Tex. Com. App.) 249 S. W. par. 4, at page 829), careful consideration has been given it. After reviewing the statement of facts and the arguments, however, we are unable to agree that the overwhelming weight and preponderance of the evidence establishes the contrary of any of the jury's challenged findings, but conclude rather that there is presented from the evidence as a whole only such conflict as fell within the jury's exclusive province to resolve. This court is therefore without authority to disturb the verdict. Gulf, C. & S. F. R. Co. v. Holland, 27 Tex. Civ. App. 397, 66 S. W. 68; Gulf, C. & S. F. R. Co. v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80." 297 S. W. 628.

The Court of Civil Appeals in its opinion states the exculpatory testimony for the defendants in error to the general effect that they were driving down Main street to the north near the inside of its curb of its east side driveway at about ten to possibly fifteen miles per hour, looking ahead of them, not knowing that a street car line crossed it in that vicinity, and being unable, on account of some high shrubbery on the corner to their right, to see any distance towards the east from which the street car came down Eagle avenue until they got to it, when for the first time they saw the street car crossing very rapidly out of Eagle into Main, and that it came so fast and so suddenly, without warning of any kind to them, that there was no time or opportunity for anything else than to throw on their brakes, which were in good condition, and which they immediately did, but struck the street car near the center toward its rear end. The motorman, testifying for the plaintiff in error, said he found the back step on the left-hand side of the street car broken, and that it was this accident which caused the break. This particular testimony of the motorman was not contradicted, from which it may be concluded that the fact was established that the rear end of the street car had reached into Main street when the collision occurred. The testimony further establishes without contradiction that there was an esplanade, which is a raised platform located near this intersection, in the middle of Main street. The width of this esplanade is 15 feet and 7 inches. The distance between the esplanade and the east curb of Main street is 21 feet and 8 inches. The distance from the north end of the esplanade to the south track of the street car line is 25 feet and 5 inches. The distance from the south curb of Eagle street to the south rail of the street car line is 11 feet and 1 inch. After the accident, the automobile of the defendants in error was found to be located on top of the esplanade, fronting south, indicating that the force of the impact, together with the momentum given by the speed

with which the street car was traveling, was sufficient, not only to reverse the position of the automobile, but to throw it in the direction in which the street car was traveling and backwards, so as to raise it from the surface of the street and place it upon the top of this esplanade, with the front of the automobile turned south. It is also shown that the automobile was a Buick and was occupied by four grown persons, aggregating the weight of something like 3,000 pounds. This aggregate weight was being propelled in a contrary direction from that in which it was thrown at a speed of something like 10 to 15 miles an hour, all of which, both the weight and the momentum occasioned by the speed, had to be overcome in order to put the automobile at the point and in the direction where it was found after the collision.

These uncontradicted physical facts justify the finding of the jury that the motorman on the occasion of the collision negligently ran the street car faster than was reasonably safe in crossing Main street at that time and place, and proceeded onto and across Main street without bringing the car to a stop, and that each of these negligent acts was a proximate cause of the injuries alleged, as well as that the collision was not an unavoidable accident, and that neither of the defendants in error failed under all the then existing circumstances to exercise ordinary care. In other words, we are of the opinion that the physical facts proven demonstrate the correctness of the version of what occurred as found by the jury; in consequence of which we have reached the conclusion that the Court of Civil Appeals did not err in holding that the defendants in error were not guilty of contributory negligence as a matter of law. The burden of proof rested on plaintiff in error to establish its defense of contributory negligence, and, where the evidence is conflicting on such issue, before the Supreme Court would be authorized to disturb the jury's findings, it must appear that such evidence conclusively shows that defendants in error were guilty of contributory negligence in the particulars claimed, and that such contributory negligence proximately caused, or contributed to cause, the collision. When the facts and circumstances are in dispute, and it cannot be said that the inference from the facts admits of no different conclusion which reasonable minds would reach, then contributory negligence is not shown as a matter of law. T. & N. O. Ry. Co. v. Rooks (Tex. Com. App.) 293 S. W. 554; Koons v. Rook (Tex. Com. App.) 295 S. W. 592; M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; St. L. & S. F. Ry. Co. v. McClain, 80 Tex. 85, 15 S. W. 789.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be affirmed.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals affirmed.