**FORT WORTH & R. G. RY. CO. v. SAGESER et al.   (No. 566.)**

Court of Civil Appeals of Texas.   Eastland.
May 10, 1929.

Rehearing Denied June 7, 1929.

Chandler & Chandler, of Stephenville, and Hiner & Pannill and Goree, Odell & Allen, all of Fort Worth, for appellant.

Oxford & Johnson, of Stephenville, for appellees.

LESLIE, J.   On December 7, 1927, Miller Sageser, while driving an automobile at a point where a public street in the town of Stephenville crosses a railway track, was run over and killed by a passenger train of the Fort Worth & Rio Grande Railway Company.

This suit is by Mrs. Gladys Sageser, wife of the deceased, and Miller Marie Sageser, their minor child, against that company for damages resulting to them from the death of said husband and father. Various grounds of negligence were alleged as the proximate cause of Miller Sageser's death, and the defendant answered by general demurrer, special exceptions, general denial, and specially pleaded various grounds of contributory negligence on the part of the deceased, proximately contributing to his death. The trial was before the court and jury, and upon special issues a judgment was rendered in favor of the wife for $4,000 and in favor of. the daughter for $3,000. The defendant prosecutes this appeal. There are 16 propositions of law based upon 55 assignments of error. They will be disposed of in the order presented.

By the first and second propositions appellant assails the action of the trial court in refusing its request for peremptory instructions in its favor. In the first proposition it is contended that the speed of the train was not, as a matter of law, the proximate cause of the collision, and by the second the contention is made that the deceased was guilty of contributory negligence as a matter of law. The two propositions, involving substantially the same subject matter, have been briefed and treated together. They will be considered in like manner.

The major portion of appellant's brief has been directed to an effort to establish the above propositions, and especially the second, which lays special emphasis upon its contentions with reference to contributory negligence. The jury, in answer to special issue No. 1, found the defendant in the operation of its train at an excessive rate of speed guilty of negligence, which was the proximate cause of Sageser's death. There is evidence in the record to support such findings and justify a judgment thereon, provided recovery is not defeated on the ground of contributory negligence. In view of the disposition we shall make of this case, it will be unnecessary to enter into any detailed statement of the testimony relating to the speed of the train at the time of the collision.

The second proposition presents a more serious question, and it has challenged the most careful attention of this court. Able counsel, in behalf of appellant and appellees, respectively, have favored us with most interesting and exhaustive briefs in which they have collated the authorities which indicate when the testimony establishes contributory negligence as a matter of law, and when it presents merely an issue of fact to be submitted to the jury. Among the leading authorities dealing with this question, and undertaking to reveal the line of demarkation between the two classes of cases, are the following:

*Contributory negligence as a matter of law:* International & G. N. R. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106; Sanches v. S. A. &. A. P. R. Co., 88 Tex. 117, 30 S. W. 431; Missouri Pac. Ry. Co. v. Lee, 70 Tex. 501, 7 S. W. 857; Schaff v. Combs (Tex. Civ. App.) 194 S. W. 1159; Texas & P. R. Co. v. Johnson, 59 Tex. Civ. App. 354, 125 S. W. 933; Houston & T. C. R. Co. v. Kauffmann, 46 Tex. Civ. App. 72, 101 S. W. 817 (writ denied); Gulf, C. & S. F. R. Co. v. Gaddis (Tex. Com. App.) 208 S. W. 895; Galveston H. & S. A. R. Co. v. Price (Tex. Com. App.) 240 S. W. 524; Clements v. Hines (Tex. Civ. App.) 240 S. W. 1010; San Antonio & A. P. R. Co. v. Singletary (Tex. Civ. App.) 251 S. W. 325 (writ dismissed); Ft. Worth & D. C. R. Co. v. Bell (Tex. Civ. App.) 14 S.W. (2d) 856.

*As an issue of fact:* Houston Electric Co. v. McNatt (Tex. Com. App.) 11 S.W.(2d) 303; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; Hines v. Arrant (Tex. Civ. App.) 225 S. W. 767 (writ refused); Trochta v. M. K. & T. R. Co. (Tex. Com. App.) 218 S. W. 1038; Barron v. R. Co. (Tex. Com. App.) 249 S. W. 825; St. Louis, S. F. & T. R. Co. v. Morgan (Tex. Com. App.) 239 S. W. 607; Emberlin v. W. F., R. & Ft. W. R. Co. (Tex. Com. App.) 267 S. W. 463 (Com. App.); Freeman v. G. H. & S. A. R. Co. (Tex. Com. App.) 285 S. W. 607; Galveston H. & S. A. R. Co. v. Leifeste (Tex. Civ. App.) 8 S.W.(2d) 765.

A careful consideration of the foregoing authorities quite clearly demonstrates that there is not, and cannot be, any hard and fast rule by which the acts of an injured party or deceased may be determined to be negligence as a matter of law, or otherwise. The reason is apparent, in that the facts and circumstances of no two cases are alike, and there is no authority possessed with the power or knowledge to anticipate and determine in advance what quality of human conduct should be condemned as negligent or prudent. The more we have studied the authorities, some of which are noted above, the more we have become impressed with the pertinency of an observaton to be found in the Browder Case (Tex. Com. App.) 256 S. W. 905. It is there said: "The facts of each case are different, however slight such difference may be; but a single circumstance, inconsequential when considered alone, may be sufficient, when taken in connection with all the other facts and surrounding circumstances, to, in the minds of all reasonable persons, make negligence appear conclusive, and therefore, a matter of law, or, on the other hand to create a situation where reasonably minded persons may very properly differ in their conclusions—thus, in the latter case, presenting a question of fact, a jury question strictly, and one in which the determination of the jury must be, and has always been, held conclusive. It would be obviously impracticable to attempt such a comprehensive statement of what facts would establish 'negligence as a matter of law' as to constitute either a con-

clusive or even substantially helpful guide in the determination of all cases presenting that bare question."

Such considerations have impressed themselves upon us as we have endeavored to weigh the facts and circumstances of this case in the light of the opinions heretofore rendered by our appellate courts in disposing of like questions. We are not unmindful of the importance of the question as it is presented in the instant case by the appellant's propositions now under consideration. However, it is not believed that it would serve any useful purpose to undertake to enter into any character of discussion of the foregoing authorities, or to presume that anything could be here added to what has already been said by the eminent jurists whose opinions have been cited. We content ourselves with an application of the principles announced heretofore to the facts of this case. In doing so we have, after a diligent study of the facts and circumstances of the case, concluded that upon the testimony as a whole we would not be justified in holding that the deceased, in his approach to the railway track and at the time he met his death, exercised no care whatever for his safety, and was guilty of contributory negligence as a matter of law. Negligence on the part of the deceased is not the inevitable conclusion to be drawn from the facts and circumstances attending and immediately preceding this tragedy. Reasonable minds, we believe, would differ upon this question, therefore demonstrating it to be a proper issue to be submitted to the jury.

In view of the fact that this case will be reversed on other grounds, it is not believed that it is necessary or even proper to set out the testimony in detail and express any further opinion in reference thereto. The testimony on another trial may differ in material respects, and any further observations made upon the same as it appears in this record would be immaterial. Appellant's propositions 1 and 2 are overruled.

By its third proposition appellant complains that its various grounds of contributory negligence were improperly submitted. The appellant seasonably objected to the manner and form of the submission of these grounds of negligence, and in addition to such objections prepared and submitted to the court appropriate issues designed to present to the jury each group of facts relied on by the defendant to defeat plaintiffs' cause of action. The objectionable issue submitted by the court was as follows: "Special Issue No. 5: Was the deceased Miller Sageser guilty of contributory negligence, as that term is herein defined, in either or in all of the instances pleaded by the defendant, viz: in failing to keep a proper look-out for the approach of the defendant's train at the time and place of the collision in question, or in failing to listen for the approach of the train and for the signals of the whistle and bell, or in failing to stop the car he was operating and to look and listen for the approach of the train before attempting to cross the defendant's track, or in driving upon the right of way of the defendant and across its track at a reckless or negligent rate of speed, if he did so in either event?"

This issue was answered in the negative by the jury. The defendant objected to the manner and form of the submission of said issue, for the reason that in one question several separate and distinct issues were submitted to the jury, and because its defenses of contributory negligence were not separately and affirmatively submitted.

The appellant's contentions here made must be sustained. We believe that the opinion by our Supreme Court in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and the numerous opinions following the same, undoubtedly condemn issue No. 5 in the manner and form in which it was submitted to the jury. A short extract from the opinion in the above case is pertinent and conclusive.

"The statutes make it the duty of the court in trials by jury: First, to submit all the controverted fact issues made by the pleadings; second, to submit each issue distinctly and separately, avoiding all intermingling. * * *

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved. The court submitted separately, as the statute required, each group of facts relied on by plaintiff in error, under her pleadings and the evidence, to constitute negligence on the part of defendant in error. The court, over the objection of defendant in error, refused to submit separately each group of facts relied on by defendant in error, under its pleadings and the evidence, to constitute contributory negligence on the part of Alexander Fox.

"In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven. It was no less improper to submit the general question of Fox's contributory negligence, over objection, without regard to the specific acts of negligence pleaded and supported by proof, than it would have been to have submitted the general question of defendant in error's negligence, without regard to the specific acts of negligence set out in plaintiff in error's petition.

" * * * No change has been made in the right of a party plaintiff or defendant to have all fact issues submitted and determined. * * *

"After erring by intermingling in one question all the contributory negligence issues by asking whether Fox was 'guilty of contributory negligence in his conduct in, around, or about the elevator, or the shaft thereof, prior to or at the time he was injured,' the court further erred in refusing certain special charges asked by defendant in error which might have rendered the first error harmless."

We do not believe the defendant's issues of contributory negligence should have been intermingled in the manner in which they were. Under the rule so clearly announced in the above authority, the appellant was entitled to separate and affirmative submission of each group of facts relied upon by it to defeat recovery, and upon another trial of this case the above principles are commended to the trial court for its observance, and such separate issues as find support in the pleadings and proof, whether relied upon as grounds for recovery or as grounds to defeat recovery, should be submitted. For additional authorities, see Gulf C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Northern Texas Traction Co. v. Gilbert (Tex. Civ. App.) 282 S. W. 850; Kansas City, M. & O. R. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335; St. Louis, S. F. & T. R. Co. v. Allen (Tex. Com. App.) 278 S. W. 186; St. Louis, S. F. & T. R. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808.

The appellant's third proposition is sustained.

■ By appellant's fourth proposition complaint is made of the court's definition of contributory negligence. The definition given is: "Contributory negligence is some negligence on the part of the plaintiff or complaining parties, which, either alone or in connection with some negligent act or omission of said defendant causes or contributes to the cause of the injury or loss sustained."

The criticism seems to be directed at the use of the term "plaintiffs or complaining parties. Of course, plaintiffs or complaining parties were the wife and minor child, who were in no respect themselves guilty of any negligence, and it is evidently by inadvertence that the definition of "contributory negligence" apparently referred to them rather than Miller Sageser, whose alleged negligence was sought to be placed before the jury. It is doubtful if this inadvertence injected a material error into the record, but upon another trial this reference will doubtless be omitted.

By propositions 5 and 6 (under assignments 13, 14, 15, 16, and 17, respectively), issue No. 1 is attacked on the grounds: First, that the court, by the form of that issue, intimated that the rate of speed at which the train was operating was excessive, and therefore on the weight of the testimony; and, second, that the issue was erroneous in that the jury's consideration was not confined to the particular employees controlling the train's rate of speed.

■■ In the discussion of propositions 5 and 6, appellant has said much to the effect that issue No. 1 was confusing and duplicitous, but an examination of the original objections to the court's charge discloses that no such attack was made on the charge for those reasons. With issue No. 1 and the jury's answer thereto standing alone, and as against the particular objections made, we would be inclined to let the judgment stand if no other errors appeared in the record. To the contention that the court by this issue "intimated to the jury that the rate of speed at which the train was operated was excessive," a sufficient answer would be that, following the words "excessive rate of speed," the court appended the qualifying clause, "if they or either of them did so operate said train." As to the further contention that the issue was erroneous in that the jury's consideration was not confined to the particular employees of the defendant controlling the speed of the train, but permitted the jury to consider acts of other employees on or about the train, but who did not control the speed, the answer may fairly be made that such contention is hypercritical. We do not believe that any ordinary, fair-minded jury would fail to do other than pass upon the conduct of "employees of the train * * * operating said train." In doing so they would necessarily be oblivious to the fact, if it be such, that a porter or even a roadmaster was possibly riding in some rear coach of the train.

■ Since the case must be returned for another trial, we make the observation that it is clear to us that issue No. 1 is duplicitous and confusing, and on another trial it should be recast to relieve it of these vices. The issue evidently called for a finding by the jury designed to convict or acquit the defendant of operating its train at the time and place of the collision "at an excessive rate of speed." The use of the word "excessive" in connection with the other elements of the issue tends to confusion. The term "excessive" is but a relative term, as nothing is excessive except by comparison with some other standard, and neither the issue under consideration, nor any other issue submitted, discloses any standard that the court had in mind in submitting the issue, or that the jury might have had in mind in answering it. There is nothing to establish that the same standard of comparison was in the mind of each. It cannot be ascertained whether the standard of comparison was the average rate of speed as per an adopted schedule, or whether such standard of comparison was "the rate of speed" at which an ordinarily prudent person, under all the surrounding facts and circumstances (at the time and place of the collision of the appellant's train and the deceased's car), would have operated said train. Doubt-

less the latter was intended as the measure of care required of appellant, and yet the train may or may not have been operated at an excessive rate of speed when compared with either standard aforesaid, or any other supposedly proper rate of speed that might have impressed the jury.

We believe the plaintiffs' pleadings properly based their right to recovery on two propositions: First, that the rate of speed, whatever it was, at which appellant's agents operated said train, constituted negligence under the circumstances; and, second, that such negligence proximately caused the death of Miller Sageser. The plaintiffs' pleadings clearly draw such issues, and it is alleged that the train was operated at "about 45 miles per hour."

Had the jury, under such pleadings and testimony, been called upon to determine, first, the rate of speed at which the train was operated, at the time of its collision with the deceased's car, and, second, whether defendant's employees operating said train were negligent in operating it at such speed under the facts and circumstances of the case at the time the train collided with the deceased's car and killed him, then there would have remained but the simple inquiry whether such negligence, if any found, proximately caused the death of the deceased. It may be the word "excessive" can appropriately be used in the construction of said issue, but clearly it is hazardous in its tendency to confuse, for the reasons hereinbefore indicated.

What has been said indicates this court's view of the duplicitous nature of the issue. Possibly this is its most pronounced vice. It is in violation of the rules prescribed by statute, articles 2185 and 2190, R. S., 1925, requiring the submission of special issues separately and distinctly. Following and construing the statutes, numerous opinions condemn duplicitous issues. See J. M. Radford Grocery Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Wichita Valley R. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439; Estep v. Bratton (Tex. Civ. App.) 298 S. W. 145 (writ refused); Kansas City, M. & O. R. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335; City of Nacogdoches v. Wise (Tex. Civ. App.) 300 S. W. 949.

■The seventh and eighth propositions are overruled. They are directed to issues 3 and 4. Issue 3, with its accompanying instructions, directed the jury in determining the amount of damages, if any, they should find in favor of Mrs. Gladys Sageser, the wife. The next issue was similar, except it gave the same directions with reference to a proper recovery, if any, in favor of the minor child. Objections to these issues were upon the ground that they allowed double recovery for one loss and that the issues were upon the weight of the evidence in that they assumed "recoverable damages." We do not sustain these contentions, yet upon a resubmission of

the issues, some modification might with propriety and in the interest of accuracy be made in the verbage.

■In submitting the issue of unavoidable accident to the jury, the court gave the following definition thereof: "Unavoidable accident is an event happening suddenly and unexpectedly, without the foresight or knowledge of a person and without fault or negligence on the part of anyone, which caused the resulting injury or damages."

The complaint is that the words "knowledge" and "fault" should have each been omitted under the facts of this case, and a standard definition of unavoidable accident given. It is claimed the use of said words was prejudicial to the appellant, since several persons (the engineer in charge of the train, a brakeman, and an eyewitness to the tragedy standing near the track) had knowledge of the accident when it happeed. The appellant's brief cites no authorities setting forth any approved definition of unavoidable accident, and the above objections would seem to be without merit. The omission of the word "knowledge" under the testimony would doubtless contribute some to the technical accuracy of the definition, but the word "fault" as used is merely synonymous with the word "negligence," and we do not believe its use was prejudicial to the defendant.

By the tenth, eleventh, and twelfth propositions the contention is made that, the plaintiffs' pleadings and testimony having made a case of contributory negligence against the plaintiffs, the burden should not have been placed upon the defendant to establish contributory negligence, but that the burden rested upon the plaintiffs to relieve themselves from the deceased's negligence or the inference arising from such situation. We do not interpret the record as calling for such action upon the part of the trial court, and these contentions are overruled.

■The thirteenth proposition complains that the court misplaced the burden of proof with reference to establishment of the existence of unavoidable accident. It is doubtful in our minds that the testimony in this case called for an issue on unavoidable accident under such authorities as Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080; and American Glycerine Co. v. Kenridge Oil Co. (Tex. Civ. App.) 295 S. W. 633; but granting that it does and will do so upon another trial (a matter to which the court will then give serious consideration), unquestionably the burden of proof is upon the plaintiff, who seeks to recover upon the grounds of negligence, to establish, not only the negligence and proximate cause, but the nonexistence of an unavoidable accident when the testimony raises such an issue. See Galveston, H. & S. A. R. Co. v.

Washington, 94 Tex. 510, 63 S. W. 534, and above authorities. The Commission of Appeals, in Rosenthal Dry Goods Co. v. Hillebrandt, 7 S.W.(2d) 521, with the approval of our Supreme Court, has laid down the rule that the burden of proof in such a case rests on the plaintiff. Hence, the court erred in misplacing the burden of proof.

We overrule the appellant's contention that it was the duty of the trial court to submit a charge setting out the substance of article 6357, R. S., providing how railroad corporations shall start and run their trains, and how they shall transport passengers properly tendering themselves for transportation. The case of Davis, Agent, v. Kirklen (Tex. Civ. App.) 253 S. W. 330, is cited in support of this contention. The statute had some application in that case involving the refusal of the train conductor to disregard his train schedule and receive as passenger one who had not properly tendered himself, either in time or manner, for transportation; but we see no application of the rule to the present case, and the proposition is overruled.

Under the remaining propositions the contention is made that the verdict of the jury upon the question of negligence was against the great weight and preponderance of the evidence. What we have heretofore said disposes of this contention. The same is overruled.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.