## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. STOREY et ux.

### No. 4351.

Court of Civil Appeals of Texas. Texarkana. June 16, 1933.

Rehearing Denied June 22, 1933.

Ramey, Calhoun, Marsh & Higgins, of Tyler, for appellant.

Butler, Price & Maynor, of Tyler, for appellees.

JOHNSON, Chief Justice.

Appellant, St. Louis Southwestern Railway Company of Texas, began this suit by filing with the county judge of Smith county, Tex., its petition to condemn 5.08 acres of land in Smith county which it had appropriated and which belonged to appellees, Ela D. Storey and wife, Minnie Storey. The 5.08-acre tract condemned was a part of a 37.5-acre tract belonging to appellees on which they had their residence, situated just outside the city limits of the city of Tyler, on a state concrete highway. On the trial it was the claim of appellees that their land was suitable for suburban subdivisions, and that the conditions in Tyler, a city of 20,000 or 25,000 population, were such that people were seeking to buy and improve suburban homesteads; that property of this character was in demand for such purposes and could be sold for prices in excess of the value of the land of that character for agricultural purposes; that the condemnation and appropriation of the 5.08 acres by appellant and the digging of a ditch claimed to be sixteen or seventeen feet deep through said land, and the building and erecting of an alleged unsightly overpass, rendered said land owned by appellees which was not condemned and so appropriated unfit and unusable for suburban homes and subdivisions, and thereby rendered it unfit for any use except for agricultural purposes, and which resulted in damages to appellees in the amount of the market value of the 5.08 acres appropriated and the depreciation in the market value resulting to the remaining land not condemned and appropriated by appellant. The case was tried to a jury and the court submitted only two issues which were, and the answers thereto, as follows:

"Issue No. 1: What was the reasonable cash market value of the 5.08 acres of land owned by Ela D. Storey and Minnie Storey at the time it was condemned by the St. Louis Southwestern Railway Company of Texas?"

Answer: "$1,014.00."

"Issue No. 2: Considering the purposes for which the 5.08 acres may be used under the pleadings in this case, what amount of depreciation to the cash market value thereof, if any, resulted to the remaining property of Ela D. Storey and Minnie Storey?"

Answer: "$3,150.00."

Pursuant to the findings of the jury judgment was entered by the court in favor of appellees and against the appellant for the total sum of $4,164, together with interest

thereon at the rate of 6 per cent. per annum from February 12, 1929. The St. Louis Southwestern Railway Company of Texas has duly appealed from the judgment to this court and assigns errors, the first of which is: "The court erred in rendering judgment in favor of appellees for the sum of $4,164.00, because there was no issue submitted to the jury calling upon them to determine whether or not that part of appellee's property not condemned had been injured or damaged, and since such injury or damage was the very ground upon which a recovery must have been predicated, the court was without power or authority to make such finding."

■ It is the contention of appellant that preceding issue No. 2, above quoted, an issue should have been submitted to the jury asking them whether or not appellees, had, in respect to their remaining property, been damaged, and required of the jury an affirmative answer thereto, before they should have been called upon, in answer to issue No. 2, to state the amount of such damages, if any.

It appears from the record that appellant did not object to the court's charge because it failed to submit such issue, and it made no request therefor. But it is appellant's contention here that such was a controlling and independent issue upon which appellees' right of recovery depended, and that it cannot be deemed that the court found with respect to the same in such manner as to support the judgment, as provided for in article 2190, R. S. 1925, but that the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and similar cases, is applicable. It appears that upon the trial it was agreed and stipulated in the record by appellant and appellees, preceding the hearing of testimony: "That the sole issue involved in this case is: What was the value of the land taken from Ela D. Storey and wife at the time it was taken? and the only other issue is: What, if any, damage was occasioned to the remaining part of his property by virtue of the taking?"

And in lieu of the pleadings and condemnation proceedings upon which the case was made, there appears in the transcript, with the approval of the court, an agreement of the appellant and appellees of the regularity of the proceedings, and stipulating that the only issue made upon the trial was as to the amount of damages. The concluding paragraph of which agreement is as follows: "That the County Court of Smith County, Texas, has jurisdiction to dispose of this cause, and to save the expense of copying said proceedings in the transcript, it is agreed that all the proceedings may be omitted from the transcript, and it is further agreed that the only disputed issue upon the trial was the amount of the damages."

In section 457, pages 585, 586, Law of Spe-

cial Issues in Texas by Speer, we find the following language, which appears to be applicable: "A matter may pass beyond the point of issue or controversy by the mere agreement between the parties. * * * Such determination is voluntary upon their part and there is no reason why they may not in the progress of a trial agree to any material fact involved. Further, there is no reason why this result should not be reached by agreement outside the pleadings, and even irrespective of any formal evidence. It is enough if the parties, during the progress of the trial, for the purpose of inducing action by the court, make known to the court their agreement as to the fact. Such agreement may be in respect to the truth of the fact, or may be with respect to the waiver of the issue."

■■ Appellant further contends in its assignments that issue No. 2 submitted by the court to the jury is multifarious, that it submits more than one issue, and is upon the weight of the evidence. We are not of the opinion that this contention can be sustained. It is not burdened with any unrelated or unessential elements, and it calls upon the jury to determine but one ultimate fact, that is, the amount of damages. And we do not think that the issue as submitted is subject to the criticism that it is upon the weight of the evidence. It does not assume that there was depreciation in some amount, but to the contrary, negatives such inference by the qualifying clause "if any." Fort Worth & R. G. Ry Co. v. Sageser (Tex. Civ. App.) 18 S.W.(2d) 246; Law of Special Issues in Texas by Speer, § 201, p. 263.

■ Appellant further contends that the amount of the damages found by the jury is excessive and is not supported by the evidence. Without encumbering the record with a quotation of the testimony bearing upon this issue, it is sufficient to state that it is conflicting and that there is testimony of witnesses sufficient to support the verdict of the jury. The testimony in this respect covers a wide range and diverse views of the different witnesses. It was testified to by some that condemnation proceedings by virtue of the overpass really benefited appellees' property instead of damaging it. And there was testimony of a number of witnesses estimating the damages at more than that found by the jury, varying from $250 to $350 an acre before condemnation to $30 and $50 per acre after condemnation. There does not appear to have been any improper testimony or argument to the jury, or other matter, from which it could be inferred that they were influenced to arbitrarily fix the amount of damage.

Finding no error in the record, the judgment of the trial court is affirmed.